## LEE v. RALSTON.

PRACTICE — *trial of appeals from justice of the peace.* Upon appeal to the district court from the judgment of a justice of the peace, the trial should be *de novo,* and the district court has no power to review the proceedings of the justice of the peace.*

*Error to District Court of Gilpin County.*

Mr. C. C. POST, for plaintiff in error.

Mr. H. B. MORSE, for defendant in error.

BRADFORD, J. This was an action of assumpsit commenced by Silas Ralston, the plaintiff below, on the 28th day of December, 1861, before H. D. Bristol, a justice of the peace of Gilpin county, against Wm. L. Lee and others, composing the Black Hawk Mill Co., and, on the 3d day of January, A. D. 1862, judgment was rendered against the said William L. Lee, the defendant, served with process, for the sum of $48.75, and costs, from which judgment of the justice of the peace the defendant Lee appealed to the district court of Gilpin county ; and afterward, at the April term, A. D. 1862, of said court, the cause came on to be heard, and the record shows the following proceedings to have been had in said court, to wit :

---

* *Lee* v. *Dailey* and *Lee* v. *Fargo,* decided at this term, were to the same point.

"SILAS RALSTON
          v.          } Appeal from justice of the peace.
WILLIAM L. LEE.

· And now this case came on to be heard, and the plaintiff appeared by his attorney, and the defendant, although solemnly 'called, came not ; and no other proceedings being had, on motion of the plaintiff, it is considered that the judgment of the justice's court, for $48.75, be affirmed, and that the plaintiff recover of and from the defendant the said sum, and his costs and charges in this behalf expended, as well in the justice's court below as in this, and that he have execution therefor."

Which said judgment has been removed to this court by writ of error.

The plaintiff in error assigns the following errors, viz. : 1st. That the district court, not being a court of review, could not affirm or review the judgment of the justice's court. 2d. That the trial of said cause should have been *de novo*, and the court could not render judgment unless evidence was adduced to warrant it. 3d. The court erred in rendering judgment against William Lee alone, when the suit was brought against a firm of which he was a member.

In order to dispose of this cause in this court, we only deem it necessary to consider the second error assigned. By the act of our legislature, concerning ·justices of the peace and constables, it is provided, that, upon all trials of appeal before the district court, the court shall hear and determine the cause in a summary way, according to the justice of the case (see § 46) ; and it is further provided by section 48 of said act, that the rights of the parties shall be the same as in original actions. A fair construction put upon these sections leads us to the conclusion that causes brought up by appeal from justices' courts shall be tried *de novo*, and the judgment below furnishes no evidence to sustain the correctness of the decision of the justice. It consequently follows, that, when the cause is tried in the district court, its decision not being controlled by the decision below, the judgment must be rendered in accord-

ance with evidence adduced on the trial in the district court. The record in this case plainly showing that no evidence was produced and no trial had in the district court, the judgment of the court below must be reversed and the cause remanded for further proceedings.

*Reversed.*