## JOHN S. COTTON v. JOHN J. ALEXANDER.

1. APPEAL BOND, *Security, for What; Recovery by Surety.* A judgment was recovered in a justice's court against two defendants, and they filed a bond for appeal to the district court, signed by themselves as principals and a third person as surety. Judgment was rendered in the district court against one defendant and in favor of the other; execution was issued on the judgment and returned unsatisfied, and the principals in the bond refused to pay the judgment and costs, and the surety paid them. *Held*, That the appeal bond stands as security for the payment of any judgment recovered in that suit against the defendants, or either of them, and costs of suit, and the makers of the bond are jointly and severally bound for the payment of the judgment and costs. And *further held*, that the surety who has paid such judgment and costs may recover the money paid against the principals in the bond, or either of them.

2. SURETY—*Implied Promise of Indemnity.* Where a party, at the request of another, enters into a contract or assumes an obligation as surety for him, the law implies a promise of indemnity against any loss for or on account of the obligation assumed.

*Error from Montgomery District Court.*

THE opinion states the nature of the action, and the facts. December 29, 1882, the court sustained defendant's demurrer to the petition of plaintiff *Cotton,* and rendered judgment against him for costs. He brings the case to this court.

*Dunkin & Chandler,* for plaintiff in error.

*Ben. M. Armstrong,* for defendant in error.

The opinion of the court was delivered by

HURD, J.: This suit was brought in the district court of Montgomery county, upon an undertaking, of which the following is a copy:

"Whereas, on the 18th day of April, 1878, the above-named justice of the peace rendered judgment in the above-entitled cause in favor of the plaintiff and against the said defendants in the sum of $153.45, and the said defendants desiring to appeal from said judgment:

"Now, therefore, be it known that we, Jacob Lightman and J. J. Alexander as principals, and John S. Cotton as surety, stand indebted to the plaintiff, Solomon Clark, in the sum of three hundred and ten (310) dollars, lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves, our executors, and assigns.

"The condition of the above obligation is such, that if the said defendants shall duly prosecute their said action [ to ] effect, and without unnecessary delay, and if judgment shall be rendered against them on appeal, they shall satisfy such judgment and costs, then this obligation shall cease; otherwise, to remain in full force and effect.

"Witness our hands, this 27th day of April, 1878.

JACOB LIGHTMAN.
J. J. ALEXANDER.
JOHN S. COTTON."

The petition alleges that on the 18th day of April, 1878, in an action then pending in a justice's court, before J. L. Scott, a justice of the peace, Solomon Clark recovered a judgment against John J. Alexander and Jacob Lightman, for the sum of $145, and $11.35 costs, and interest at ten per cent. per annum from the date of the judgment; that on the 27th day of April, 1878, the defendants, Alexander and Lightman, and the plaintiff in this suit, John S. Cotton, delivered to the justice of the peace the appeal bond, a copy of which is herein-before given; that the bond was approved by the justice of the peace and the suit appealed to the district court of Montgomery county; that Cotton signed the said bond as surety thereto, at the instance and request of defendant Alexander, and for his benefit, and that he (Cotton) had no interest in the suit, or in the judgment rendered in the justice's court; that the cause was transferred to such district court, and at the December term, 1878, came regularly on for trial, and the court adjudged that the plaintiff, Solomon Clark, recover from the defendant Jacob Lightman a judgment in the case so ap-

pealed from, for $109.15, and $8.65 costs, and interest at ten per cent. per annum from the date of said judgment, and found in favor of defendant Alexander; that on the 5th day of May, 1879, Alexander and Lightman having failed and refused to pay the judgment and costs, or any part thereof, Clark, the plaintiff in the judgment, caused an execution to be issued against the property of Lightman, which was returned wholly unsatisfied, and Lightman and Alexander, and each of them, thereupon refused, and still refuse, to pay such judgment and costs, or any part thereof; that afterward, Cotton, in fulfilling the conditions of the bond in appeal, paid the judgment and costs; that on account of such payment by him, the defendant Alexander became, on the 22d day of August, 1882, indebted to the plaintiff in the sum of $140, which he seeks to recover in this suit.

The defendant Alexander demurred to the petition on the grounds, (1) That it does not state facts sufficient to constitute a cause of action in favor of said plaintiff against said defendant; (2) That there is a non-joinder of parties defendant; that Jacob Lightman is a necessary party defendant in said case, as will appear from inspection of said petition and exhibits herein filed by said plaintiff.

On the 29th day of December, 1882, the court sustained the demurrer, on the ground that the petition does not state facts sufficient to constitute a cause of action, and overruled it as to the second ground stated. Plaintiff excepted, and thereupon the court entered judgment against the plaintiff, Cotton, for $9.10 costs, to which he excepted, and filed his motion for a new trial, which the court overruled. He brings the case to this court by petition in error, on the record of the court below.

It is claimed on behalf of Alexander, that the judgment in his favor in the district court releases him from liability as a maker of the bond or otherwise, and that the payment of the judgment against Lightman by Cotton was voluntary as to him, and he is not liable for its repayment. The bond in suit was executed under §121 of chapter 81, Compiled Laws of

1879, and the makers, as between themselves and Clark, were jointly and severally liable as principals, but as between themselves as shown by the bond, Cotton was surety for Lightman and Alexander, the principals in the bond.

In order to determine the question under consideration, we must necessarily construe that part of the section (§ 121, ch. 81, Comp. Laws) of the statute under which the bond was executed, as follows: "Second, that if judgment be rendered against him on the appeal, he will satisfy such judgment and costs." We think the meaning of the part of the section quoted and of the bond issued pursuant to it is, that the bond shall stand as and be security for the payment of any judgment rendered against the defendants appealing, or either of them, by the district court. On the trial of that case in the district court, judgment was rendered against Lightman and in favor of Alexander. Alexander was thereby released from his liability as a defendant in the judgment in the justice's court; but that did not release him from his liability upon the bond, and Clark could have brought and maintained his suit on the bond against the obligors, or either of them. It is true that Lightman and Alexander were not necessary parties, but they were proper parties to the bond, and as they executed and used it for the purposes required by the statute, they are estopped to deny their liability upon it when called upon to pay the claim it was given to secure. Then when Cotton paid the judgment against Lightman, and costs of suit, he was liable as surety on this bond, and being so liable he was not obliged to delay payment until suit should be brought against him, and payment at the time made was legal and in law not a voluntary payment, and he is entitled to recover from Alexander and Lightman, or either of them, the money paid and interest from the time of payment. Again, Cotton had no interest in the suit and judgment appealed from, and executed the bond at the request of Alexander and for his benefit.

It is very well settled by the authorities, that when one party at the request of another enters into a contract or assumes an

·obligation as surety for him, the law implies a promise of indemnity against any loss or obligation for the liability assumed. (*Konitzty v. Myers*, 49 N. Y. 571; *Greer v. McCarter*, 5 Kas. 22; *Water Power Co. v. Brown*, 23 id. 676.) Applying this principle to this case, Alexander agreed to indemnify Cotton against his liability on this bond, and is liable to him for the money he paid to satisfy the judgment and costs against Lightman, with interest thereon from the time of payment.

We think that the petition below does state facts sufficient to constitute a cause of action, and the court below erred in sustaining the demurrer to it. The judgment of the court below is reversed, and the cause remanded with instructions to the court below to overrule the demurrer to the petition.

All the Justices concurring.