C. E. MOORE *et al.*, *Partners*, v. D. A. MULVANE.
**No. 311.**

APPEAL BOND—*surety on, not discharged because suit dismissed as to only defendant signing, though he intended to appeal only for himself.* Where a judgment was rendered by a justice of the peace against several defendants, and an appeal bond, purporting to be in favor of all the defendants but signed by but one of them, was filed and approved, and thereupon the action was transferred to the district court, where it was dismissed as to the defendant signing the bond, but judgment was rendered against other of the defendants, the surety on such bond cannot avoid his liability thereon by showing that the defendant who signed the bond and caused it to be filed intended to appeal only for himself.

Error from Shawnee District Court. Hon. Z. T. Hazen, Judge. Opinion filed December 18, 1897. *Reversed.*

*Frank H. Foster*, for plaintiffs in error.

*E. G. Wilson*, for defendant in error.

WELLS, J. A judgment was rendered by a justice of the peace of Topeka, in favor of the plaintiffs in error herein, and against the Garnett Land & Improvement Company, J. H. Dennis, G. F. Parmalee, and M. Updike, and within ten days thereafter an appeal bond was filed, of which the following is a copy:

"Whereas, the defendants, the Garnett Land & Improvement Company, J. H. Dennis, G. F. Par-

192 Moore v. Mulvane.

N. Dept.        Opinion.    Wells, J.       6 Kan. App.

malee, and M. Updike, intend to appeal from a judgment rendered against them in favor of the plaintiff, C. E. Moore, on the ninth day of November, 1889, by the undersigned justice of the peace of the city of Topeka, in said county:

"Now, we, the undersigned, residents of said county, bind ourselves to plaintiff in the sum of six hundred dollars, that said defendants shall prosecute their appeal to effect and without unnecessary delay, and satisfy such judgment and costs as may be rendered against him herein.        D. A. Mulvane.
M. Updike."

This bond was approved by the justice of the peace, and the case regularly transferred to the District Court as on appeal. In the District Court the action was dismissed as to Dennis and Updike, and upon trial judgment was rendered for the plaintiff against the Garnett Land & Improvement Company and G. F. Parmalee, for three hundred dollars and costs. This action was brought in the District Court of Shawnee County to recover the amount of said judgment and costs from the sureties on the appeal bond. The defendant herein answered that the former action was appealed only as to the defendant Updike, and introduced evidence tending to show that such was the intention of Updike and of his attorney who filed the bond. The court below sustained this contention of the defendant, and rendered judgment against the plaintiffs for costs.

The only question before us is, Did the court render judgment for the right party? This resolves itself into this other question: Where a judgment is rendered by a justice of the peace against several parties, and an appeal bond is filed purporting on its face to be in favor of all the defendants, and the bond is approved by the justice, and the case is thereupon transferred by appeal to the district court where it is finally

disposed of, can the surety on such bond defeat a recovery thereon by showing that the party who procured him to sign it intended to appeal only for himself? We can see no way to avoid a negative answer to this question. The bond, on its face, assumed to be in favor of all the defendants; it was approved and it operated as such. The defendant in error seems to contend that, because Updike was the only one of the defendants who signed the bond, he was the only one who appealed. It is not necessary for an appellant to sign the bond, and his name thereon would add nothing to his liability even if the appeal was for himself alone.

It is probably true, as stated by the defendant in error, that "one co-defendant cannot compel another to appeal;" but the presumption is that when an appeal bond is filed in a case, purporting to be for all the defendants, it was with their consent and approval. They were at liberty to appear and disaffirm the appeal, but failing to do so, we think we are bound to assume that they indorsed and approved it.

The question in this case is not as to the weight of the evidence. If there was any legal evidence that the bond did not appeal the case from the justice of the peace as to all of the defendants, then the judgment of the court below would be affirmed; but we do not think that there was any. There was evidence tending to show that Mr. Updike did not intend to appeal for any one but himself, but the fact remains that he did appeal for all; and to allow his present testimony as to his intention to outweigh his acts, would be to establish a very dangerous precedent.

The judgment of the court below will be reversed, and the court ordered to render judgment for the plaintiff, in harmony with this opinion.