## PRATT v. PRATT.

No. 3524. Opinion Filed February 28, 1914.

(139 Pac. 261.)

1. APPEARANCE—General Appearance—Motion to Vacate. Where a party against whom a judgment is rendered files a motion to vacate the judgment upon the ground that the court has no jurisdiction of the defendant, and said motion is based upon nonjurisdictional as well as jurisdictional grounds, held, that thereby said party enters a general appearance as though said appearance had been made at the trial. Ziska v. Avey, 36 Okla. 405, 122 Pac. 722.

2. DIVORCE—Petition—Sufficiency. In an action brought for a divorce, a petition which embodies the essential averments for a divorce on the grounds of abandonment is sufficient. A petition which alleges the marriage contract, that the plaintiff had been a resident of Oklahoma for one year prior to the date of filing plaintiff's petition and an actual resident in good faith in the county in which the action was brought, and said petition shows that defendant abandoned plaintiff for more than a year prior to the filing of said petition, without cause or provocation, sufficiently states a cause of action.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Canadian County;*
*Geo. W. Clark, Judge.*

Action by Charles H. Pratt against Nellie H. Pratt. Judgment for plaintiff, and defendant brings error. Affirmed.

On the 18th day of April, 1906, the defendant in error Charles H. Pratt, brought an action for divorce on the grounds of abandonment, against the plaintiff in error, Nellie H. Pratt, in the district court of Canadian county, Okla., and procured service by filing an affidavit for service by publication. The notice was published in the El Reno Democrat on June 4, 1906. Judgment was rendered in favor of defendant in error on the 19th day of November, 1906. No motion for new trial was filed. Afterwards, on the 20th day of March, 1911, the plaintiff in error filed a motion to vacate the judgment on the following grounds: First, because the affidavit for publication is insufficient to authorize any judgment rendered herein; second, be-

cause the petition does not state facts sufficient to constitute a cause of action; third, because no service of publication, or any service, was had on the defendant; fourth, because of errors patent of record in this action; fifth, because the court had no jurisdiction of the person of the defendant, and said decree of divorce was rendered by the court when same was without authority of law to try said cause. This motion was by the court overruled and exceptions allowed, and the plaintiff in error brings the case here for review, assigning as error the action of the court in overruling said motion.

*W. M. Wallace,* for plaintiff in error.

*Phelps & Cope,* for defendant in error.

Opinion by RITTENHOUSE, C. (after stating the facts as above). This case is similar in many respects to the case of *Ziska v. Avey et al.,* 36 Okla. 405, 122 Pac. 722, the assignments of error presenting only two questions: First, that the court did not have jurisdiction of the defendant; and, second, that the petition did not state a cause of action; and in that case it was held:

"Where a party against whom a judgment is rendered files a motion to vacate the judgment upon the ground that the court has no jurisdiction of the defendant, and said motion is based upon nonjurisdictional grounds as well as jurisdictional grounds, *held,* that thereby said party enters a general appearance as though said appearance had been made at the trial. In an action to quiet title brought in the district court, where the defendant is served by publication, and judgment is entered according to the prayer of the petition, and where the defendant, constructively served, afterwards appears and files a motion in the original action to vacate and set aside the judgment rendered, and which motion is based upon both jurisdictional and nonjurisdictional grounds, it will be deemed and held that a general appearance is entered, and that any defects in the service are waived, and the judgment rendered thereon validated."

Upon an examination of the record, we find that the plaintiff in error made a general appearance in the court below in putting in issue the question of the sufficiency of the petition,

and plaintiff in error has thereby waived any defect in the service. This question has also been fully treated in the case of *Rogers v. McCord-Collins Mercantile Co.*, 19 Okla. 115, 91 Pac. 864, in which it was held:

"Where a motion is made in which questions are raised which go to the jurisdiction of the court over the parties, and in which questions are also raised which cannot be raised by special appearance, but can only be heard upon a general appearance, the parties will be taken and held to have entered a general appearance, and in such case defects in the service of summons will be deemed and held to have been waived, even though such appearance be made after judgment and upon a motion to vacate and set aside such judgment."

The remaining question to be determined is whether the petition states facts sufficient to constitute a cause of action. The brief of plaintiff in error points out no sound reason why said petition in said divorce case does not state facts sufficient to constitute a cause of action, and we are unable to find any serious defects therein. The petition could have been more explicit, but the allegation "that on or about the 29th day of February, 1904, the defendant herein abandoned plaintiff without cause or provocation, and that said abandonment still continues," is sufficient, in view of the fact that the record shows that the petition was filed over two years after such abandonment. It may be true that the allegation of abandonment could have been alleged in the petition with more care, but this court will not require that strict particularity of pleading when the question is raised on motion to vacate the judgment. *Thompson et al. v. Caddo County Bank*, 15 Okla. 615, 82 Pac. 927.

There being no other proposition presented to this court, the judgment of the district court overruling the motion to vacate should be affirmed.

By the Court: It is so ordered.