## FARMERS' LOAN & TRUST CO. v. LOYD et al.

No. 3464.   Opinion Filed February 28, 1914.

(139 Pac. 278.)

**JUSTICES OF THE PEACE—Appeal Bond—Liability of Sureties.** A judgment was rendered against two defendants in the justice court; and appeal taken to the county court by said defendants, who gave an appeal bond signed by themselves and two sureties, which bond was approved by the justice of the peace. The case was tried in the county court, and judgment was rendered in favor of one of said defendants, D. C. Hybarger, and against the other defendant, A. N. Loyd. An execution was issued upon said judgment against the defendant A. N. Loyd, and was returned by the officer, "No property found." A motion was filed under section 6398, Comp. Laws 1909 (Rev. Laws 1910, sec. 5477), asking for judgment against the sureties on the appeal bond. An agreed statement of facts was entered into by the parties interested reciting the record in

said cause. **Held,** that the sureties on the appeal bond are jointly and severally liable for any judgment recovered against either of said appellants.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Pontotoc County;*
*Conway O. Barton, Judge.*

Action by the Farmers' Loan & Trust Company against A. N. Loyd, D. C. Hybarger, F. O. Harris, and M. C. Lee. Judgment for certain defendants, and plaintiff brings error. Reversed and remanded, with instructions.

On the 14th day of June, 1910, the plaintiff in error recovered a judgment against the defendants A. N. Loyd and D. C. Hybarger before a justice of the peace. The defendants filed an appeal bond in said cause signed by themselves as principals, and F. O. Harris and M. C. Lee as sureties, which bond was approved by the justice and the papers forwarded to the county court. On the 16th day of August, 1910, the cause was tried before the county court, where the plaintiff in error recovered judgment against A. N. Loyd, but failed to procure a judgment against D. C. Hybarger. Afterwards an execution was issued against A. N. Loyd and returned, "No property found." On November 29, 1910; motion was filed for judgment against the sureties on the appeal bond, and notice thereof given as required by law. On the 3d day of August, 1911, a stipulation was entered into by all parties interested, stipulating the facts arising under the motion for judgment. On the 30th day of August, 1911, the court overruled the motion for judgment against the sureties, F. O. Harris and M. C. Lee, to which the plaintiff in error excepted, and plaintiff in error brings the case here for review, assigning as error the action of the court in overruling said motion.

*Currie & Duncan,* for plaintiff in error.

*Stone & Maxey,* for defendants in error.

Opinion by RITTENHOUSE, C. (after stating the facts as above). The facts as above set forth have been admitted by all the parties interested, and the only question to be decided in

this cause is whether or not the sureties on the appeal bond were released from liability thereunder by reason of the fact that in the trial of the case in the county court. judgment was rendered in favor of the defendant Hybarger and against his codefendant Loyd; both of said defendants being the appellants in this cause.

Omitting the caption and qualification, the following is a copy of the bond in controversy:

"Know all men by these presents: That we, A. N. Loyd, and D. C. Hybarger, as principals and ————, as sureties, are held and firmly bound unto Farmers' Loan & Trust Company in the penal sum of two hundred and fifteen ($215.00) dollars, for the payment of which sum, well and truly to be made, we do bind ourselves, our heirs, executors and administrators, jointly and severally by these presents. The condition of the above obligation is such, that whereas, on the 14th day of June, 1910, the above-named Farmers' Loan & Trust Company, obtained judgment against the above-named principal, before H. J. Brown, justice of the peace of Ada township in said county for the sum of ninety and no-100 dollars and interest and for costs of suit taxed at six dollars, and said principal herein intends to appeal from such judgment to the county court of said county: Now, therefore, if said principal shall prosecute said appeal to effect without unnecessary delay, and if judgment be rendered against them on appeal shall satisfy such judgment and costs, then this obligation to be void; otherwise to remain in full force and effect."

Without doubt the county court of Pontotoc county should have rendered judgment in favor of the plaintiff in error and against the sureties on said bond, on the motion for judgment against such sureties. The bond was given as security for the payment of any judgment rendered against the defendants appealing, or either of them, and, while the plaintiff in error failed to procure a judgment against the defendant Hybarger, yet it did procure a judgment against the other defendant, A. N. Loyd, who was also one of the appellants. The fact that Hybarger was released of any liability in said cause does not release the sureties on said bond from their liability on the judgment rendered against Loyd. The showing made by the defendants in error in the county court that the judgment was

rendered in favor of one appellant and against the other is not sufficient to relieve the sureties of their liabilities under said bond. This question has been decided in the case of *Cotton v. Alexander*, 32 Kan. 339, 4 Pac. 259, and *Moore et al. v. Mulvane*, 6 Kan. App. 191, 51 Pac. 569.

It follows that the judgment of the trial court in overruling the motion for judgment against the sureties should be reversed, and the cause remanded, with instructions to sustain the motion and render judgment accordingly.

By the Court: It is so ordered.