[No. 4074.]

## McCreary v. Brady, et al.

1. Pleading—*Demurrer, for ambiguity,* must show tne particulars wherein the ambiguity exists. (299)

2. Appeal from Justice—*One of Several Appealing.* Judgment before a Justice of the Peace against Brady, Bauman and the Crescent Company. Brady alone appealed, and gave bond, reciting that *he* had taken an appeal to the County Court, and in the words of condition, following the statute. On trial in the County Court Brady and the company were discharged and judgment given against Bauman. *Held* that Brady had prosecuted his appeal with effect; and that under the statute he was not chargeable upon the condition of the bond to pay "whatever judgment may be rendered." (303, 304)

3. ——— *Trial in County Court, upon Appeal from Justice,* is to be *de novo*, in a summary way, without written pleadings. No review of the judgment of the Justice is had, nor any attention paid to the proceedings before him. Each party has the same right in presenting his cause as if the action had originated in that court. (301)

Distinction in the effect of an appeal with trial *de novo*, and an appeal in the nature of a writ of error, noticed. (301)

*Error to El Paso District Court.* Hon. J. E. Little, Judge.

Mr. J. N. Rickards for plaintiff in error.

Mr. Wm. Swift for defendants in error.

Bell, J.

As appears from the pleadings herein filed, John C. Mc-Creary, plaintiff in error and plaintiff below, hereinafter called the plaintiff, on the 9th day of December, 1912, recovered a judgment in the sum of $28.95 and costs against S. A. Brady, C. C. Bauman and the Crescent Laundry before J. D. Faulkner, a justice of the peace of El Paso county, Colorado. S. A. Brady, one of said defendants, alone effected an appeal to the county court and secured there a trial *de novo,* which resulted in a verdict in favor of him and the Crescent Laundry, and against the defendant, said C. C. Bauman, in the sum of $28.95. Whereupon judgment was rendered by said county court against said C. C. Bauman for the sum of $28.95 debt and the further sum of $17.45 cost of suit. In perfecting said appeal, S. A. Brady, Stephen A. Brady and Nick Hamelton, defendants in error herein and defendants below, signed an undertaking or bond, the condition of which reads as follows:

"The condition of the above obligation is such that, whereas, the said John C. McCreary did, on the 9th day of December, A. D. one thousand nine hundred and thirteen, before J. D. Faulkner, a justice of the peace in and for the county of El Paso, and state of Colorado, recover a judgment against the above bounden S. A. Brady and C. C. Bauman and the Crescent Laundry for the sum of twenty-eight dollars

and ninety-five cents, and costs of suit, taxed at $5.20, from which judgment the said S. A. Brady has taken an appeal to the county court, of the county of El Paso and state of Colorado. Now if the said S. A. Brady shall prosecute said appeal with effect, and shall pay whatever judgment may be rendered by the court upon dismissal or trial of said appeal, then the above obligation to be void, otherwise to remain in full force and effect.

(Signed)    S. A. Brady    (Seal)

Stephen A. Brady    (Seal)

Nick Hamelton."

Upon this bond the present action was instituted against the signers thereof in the district court of El Paso county, the complaint alleging that, upon the filing of said appeal bond, a supersedeas was issued, at the request of said S. A. Brady, preventing the said John C. McCreary from collecting the judgment obtained by him before the justice of the peace; that upon a trial of the action in the county court, a verdict and judgment were rendered and entered in favor of said S. A. Brady and the Crescent Laundry, and against the defendant, C. C. Bauman, in the sum of $28.95 debt and the further sum of $17.45 cost of suit; that said defendants have not paid the judgment rendered against said Bauman, as required by the terms of said appeal bond, and the suspension of the plaintiff's right to enforce said judgment; and that the affirmance of said judgment against said Bauman made all of the signers of said bond liable therefor.

The district court sustained a demurrer to the complaint, filed by the defendants in error herein, for failure to state facts sufficient to constitute a cause of action, and for ambiguity. No facts showing ambiguity being alleged in the demurrer, that cause is not sufficiently set forth to justify this court in considering it.

Ordinarily, where an appellant from a judgment of a Justice of the Peace on the trial in the County Court obtains

a judgment relieving him from any responsibility for the claim sued on in the justice's court, he is held to have prosecuted his appeal with effect. However, it is contended here that, by reason of the appeal by the successful defendant, S. A. Brady, and the issuance of a supersedeas deferring the plaintiff's right to proceed with the collection of the judgment against the non-appealing defendants in the justice's court, such successful defendant, while not liable on the claim sued upon, is liable on the appeal bond under that part of it requiring him and his sureties to pay "whatever judgment may be rendered by the court upon dismissal or trial of said appeal."

The purpose of the appeal of the appellant Brady was to secure a judgment of the County Court holding him not liable for the claim upon which the Justice of the Peace rendered judgment against him, and he fully succeeded in his purpose. Is it probable that, when the legislature enacted Section 4416, 2 Mills' Ann. Statutes, Revised 1912, permitting one or more plaintiffs or defendants, in causes decided by Justices of the Peace, to appeal to the County Court without the consent of their associate parties, it was the purpose to allow him or them no escape from an unjust judgment without also securing the same relief for the other defeated parties? Under section 4419, 2 Mills' Ann. Statutes, Revised 1912, the appellate County Court is required to hear and determine the cause in a summary way according to the justice of the case, without pleadings in writing. There is no review of the judgment of the justice's court or any attention whatever paid to its proceedings at the trial, but the County Court awards a *de novo* trial, and renders its own judgment on the evidence taken by it: *Lee v. Ralston,* 1 Colo. 5. The proceedings of the justice and the appeal bond, when regularly filed, perform the office of bringing the parties and subject matter before the appellate court, not for the purpose of reviewing the evidence or proceedings at the trial before the justice, but the law gives the appellant the right to a full and complete trial in the County

Court, ignoring and wholly disregarding the evidence taken and the judgment rendered by the justice. Each side has the same right to present its cause on appeal when brought from a Justice of the Peace as it would have if the case had been brought in the County Court by the issuance and service of a summons therefrom, except that the proceedings lack written pleadings and the summary trial is required as aforesaid. No one would question the right of the successful parties to complete relief by a judgment of the County Court if they and the subject matter had been brought there as an original suit.

Conceding this then, as we must, we are wholly unable to discover any pertinent reason why the same rule should not apply on this appeal where the trial was *de novo* and the justice's proceedings and the appeal bond had only the effect of giving the County Court jurisdiction for a *de novo* trial without written pleadings. Some courts draw marked distinctions between the condition of judgments when appealed to a court where the proceedings of the trial court is reviewed and the judgment is affirmed or reversed, and those that are appealed to a higher court for trial *de novo*. In speaking of this distinction as made by the Connecticut courts, Freeman on Judgments, 4th Ed., sec. 329, says:

"If the latter (appellate) court has authority to try the cause *de novo*, and to settle the controversy by a judgment of its own, and to enforce such judgment by its own process, then it is plain that by the appeal the judgment of the inferior court is not merely suspended, it is vacated and set aside, and can no longer have effect as an estoppel. But if the appeal is in the nature of a writ of error, conferring power on the appellate court to determine such errors as may have occurred at the trial or in the decision of the cause, and giving the court, upon such determination, no other authority than that of reversing, modifying, or affirming the judgment of the inferior court and of remitting the case back to the tribunal whence it came, that such tribunal may conform its judgments and proceedings to the views of its superior, then the judg-

ment appealed from does not, until vacated or reversed, cease to operate as a merger and a bar." Freeman, *supra,* citing *Bank of N. A. v. Wheeler,* 28 Conn. 433, 73 Am. Dec. 683; *Curtis v. Beardsley,* 15 Conn. 518.

Neither counsel nor the court have succeeded in finding a case involving all of the features of this case. *Moore, et al. v. Mulvane,* 6 Kan. App. 191, 193, 51 Pac. 569, 570, however, is almost identical, with the exception that the bond was signed by but one of the defendants but purported to be filed on behalf of them all, and it was contended by the defendant who signed the bond that the appeal was taken as to himself alone, and he introduced evidence tending to show that such was his intention and the intention of his attorney who filed the bond. In considering the case, the Kansas Court of Appeals declared that:

"The presumption is that, when an appeal bond is filed in a case purporting to be for all the defendants, it is with their consent and approval. They were at liberty to appear, and disaffirm the appeal, but, failing to do so, we think we are bound to assume that they indorsed and approved it. The question in this case is not as to the weight of the evidence. *If there was any legal evidence that said bond did not appeal the case from the justice of the peace as to all of the defendants, then the judgment of the court below would be affirmed;* but we do not think that there was any. There was evidence tending to show that Mr. Updike did not intend to appeal for any one but himself, but the fact remains that he did appeal for all, and to allow his present testimony as to his intention to outweigh his acts would be to establish a very dangerous precedent." (The italics are mine.)

In the instant case the bond shows upon its face that S. A. Brady alone appealed and the sureties on the bond obligated themselves only that he should prosecute his appeal with effect and pay whatever judgment might be rendered.

*Young v. Ditto,* 2 J. J. Marsh (Ky.) 72, cited in 2 *Cyc.* 936 (b) to the effect that "where one of several defendants

appeals from a joint and several judgment, the appeal bond is security for the entire judgment upon affirmance," and also cited by counsel for plaintiff in error as authority in this case, does not seem to be pertinent. The facts in the *Ditto* case are quite different from those we are considering. The trial court in that case rendered several and joint decrees, one against Ditto for $171.50, and one against his associate defendant Kelso for $198.00, and a joint decree against both for costs, and the case on appeal in the higher court was not tried, but was dismissed because the court held that the appropriate remedy was by a writ of error and not by an appeal, and the appeal bond sued upon provided that the sureties should "pay the judgment, if affirmed or dismissed." The appeal was dismissed and, of course, they were required to pay.

We have also examined 2 *Cyc.* 936 (c), cited by counsel for plaintiff in error as in point. This authority reads:

"In the case of a joint appeal by several appellants from a judgment against all, a reversal as to one or more, and affirmance as to others, will be a breach of condition affecting those as to whom the affirmance was rendered, unless liability on such a contingency is contrary to the terms of the bond, in which case, all of co-principals are individually bound for the judgment affirmed if, by the terms of the bond, they can be regarded as co-sureties—otherwise not."

There was no joint appeal in the instant case, nor was there an affirmance of the judgment against the appellant. The appeal bond in the instant case was conditioned that if S. A. Brady should prosecute said appeal with effect and pay whatever judgment might be rendered on dismissal or trial of said appeal, then the obligation to be void, otherwise to be and remain in full force and effect. On the *de novo* trial, the court found that neither S. A. Brady nor the Crescent Laundry was liable on the claim sued upon in the justice's court, and discharged them from any liability therefor, and rendered judgment in favor of the plaintiff John C. McCreary and against the defendant C. C. Bauman for $28.95 debt and

$17.45 costs. Bauman was not an appellant, was not a party to the appeal bond, and there is nothing before us showing that he in any way participated in the *de novo* trial in the County Court or resisted the judgment rendered against him either in the justice's or county court.

We think that, by applying a reasonable construction to our statute, we must say that, when S. A. Brady secured his release from any liability on the claim sued upon, he prosecuted his appeal with effect, and that it was not the intention of the legislature that he should be required to pay the judgment rendered in the trial upon appeal against Bauman, and that there is nothing in the appeal bond that shows that there was any such purpose in view when the same was executed and approved.

We think that the demurrer was properly sustained, and the judgment of the District Court is, therefore, affirmed.

*Affirmed.*