## LINDLEY v. HILL et al.

No. 3327.    Opinion Filed July 20, 1915.

Rehearing Denied June 20, 1916.

(158 Pac. 356.)

1.    **STATES—Effect of Admission of State—Appeal from Justice—Summary Judgment Against Sureties—Jurisdiction.**    Section 6398. Comp. Laws Okla. 1909, in force in the Territory of Oklahoma at the time of the admission of the state into the Union, not being repugnant to the Constitution or locally inapplicable, was extended over and put in force in the state by section 2 of the Schedule of the Constitution, and conferred upon the county courts of the state the same jurisdiction to enter a summary judgment against a surety upon an appeal bond in a cause appealed from a justice of the peace to the county court formerly exercised by the district courts of the territory.

2.    **APPEARANCE—General Appearance—Proceedings to Vacate Judgment.**    Where a party against whom a judgment is rendered files a motion to vacate the judgment upon the ground that the court has no jurisdiction of the defendant, and said motion is based upon nonjurisdictional as well as jurisdictional grounds, **held,** that thereby said party enters a general appearance, as though said appearance had been made at the trial.

(Syllabus by the Court.)

*Error from County Court, Tillman County;*
*T. E. Campbell, Judge.*

Action by E. C. Hill and others against T. H. Lindley. Judgment for plaintiffs, and defendant brings error. Affirmed.

Former opinion, published in 133 Pac. 179, withdrawn.

*Wilson & Tomerlin* and *Ahern & Searcy,* for plaintiff in error.

*Mounts & Davis,* for defendants in error.

KANE, C. J.    This proceeding in error was instituted by the plaintiff in error for the purpose of reviewing the

Lindley v. Hill et al.

action of the county court of Tillman county in rendering a summary judgment against him,. pursuant to the provisions of section 6398, Comp. Laws 1909. There are several grounds for reversal presented by counsel for plaintiff in error in their brief, but on account of a defect of parties defendant in error, only such as question the jurisdiction of the county court to render a summary judgment can be reviewed by this court.

The jurisdictional grounds for reversal are stated by counsel in their brief as follows:

First. The judgment sought to be set aside is void for the reason that the statute under which the plaintiff below obtained this judgment against the surety (section 6398 of Snyder's Compiled Laws) does not provide for a summary judgment in the county court against the sureties on appeal bonds. Said statute provides only for such summary judgment to be rendered in the district court.

Second. But, assuming that the plaintiff could have obtained a summary judgment in the county court under this statute, he did not in this instance pursue the method prescribed by the provisions of that statute to obtain such a judgment.

Section 6398, *supra*, was enacted by the territorial Legislature of 1895, and was in force in said territory at the time of the admission of the state into the Union. The section, as it appears in Comp. Laws 1909, the official volume containing the laws in force at the time the judgment herein was rendered, reads as follows::

"That when final judgment shall be rendered against the appellant in the district court in any action appealed from the probate courts or justice's court, under the provisions for appeals from said courts, the court, on motion

of the appellee, or any other person having an interest in such judgment, or a right to any part of the costs in such actions, after ten days' notice of such motion, to be served upon the appellant by copy delivered to him, may enter up judgment in the name of the appellee or his legal representatives, against the surety or sureties on the appeal bond of the appellant for the amount of such judgment and costs, which, by the terms thereof, the appellant may be required to pay. Execution may be issued on such judgment as in other cases for the use and benefit of the successful party or any person interested in such judgment, or in the costs of such action. In case the bondsmen appeal from the judgment entered upon such motion, execution thereon shall be stayed sixty days."

By the laws in force in the territory prior to statehood, appeals from the judgments of the probate and justice courts were taken to the district courts, wherein the causes were tried *de novo*. Section 14 of article 7 of the Constitution changes the former practice somewhat by providing:

"Until otherwise provided by law, the county court shall have jurisdiction of all cases on appeals from judgments of the justices of the peace in civil and criminal cases; and in all cases, civil and criminal, appealed from justices of the peace to such county court, there shall be a trial *de novo* on questions of both law and fact."

Counsel contend that section 6398, *supra*, is repugnant to the foregoing constitutional provision, and therefore was not put in force in the state by section 2 of the Schedule of the Constitution, which provides:

"All laws in force in the Territory of Oklahoma at the time of the admission of the state in the Union, which are not repugnant to this Constitution, and which are not locally inapplicable, shall be extended to and remain in force in the State of Oklahoma until they expire by their own limitation or are altered or repealed by law."

We cannot agree with this contention. It is apparent at a glance that the only effect of section 14, *supra,* was to change the name of the tribunal which thereafter should entertain jurisdiction over appeals prosecuted from judgments rendered by the justices of the peace of the state. This provision is in no way repugnant to the central idea of section 6398, *supra,* to wit, to provide a summary method for the entry of judgment in favor of the appellee or his legal representative against the surety or sureties on the appeal bond of the appellant for the amount of the judgment and costs which, by the terms of the appeal bond, the appellant may be required to pay, upon such amount being determined by the rendition of final judgment against the appellant by the court having appellate jurisdiction of such actions.

It is true that in this, as well as many other instances, the laws in force in the territory prior to statehood were not always precisely applicable to the situations created by the adoption of the Constitution; but, where no greater repugnancy between them is apparent than the change in the name or style of a court having a particular jurisdiction, the courts have had very little difficulty in accommodating in a practical manner the old law to such slightly changed conditions. Under the laws in force in Oklahoma prior to statehood, appeals from judgments of the probate and justice courts were prosecuted to the district courts and tried *de novo.* In that class of cases, to which the one before us belongs, the jurisdiction of the county courts created by the Constitution is precisely the same as that of the district courts prior to statehood. Section 11 of article 7, Williams' Constitution, which created the county court, prescribes that it shall be a court of record; and section 12 provides that it shall have concurrent jurisdic-

tion with the district court in civil cases in any amount not exceeding $1,000, exclusive of interest. It is therefore apparent that within its sphere the county courts of the state are of equal dignity with the district courts. On the whole, we know of no good reason for giving section 6398, *supra,* such a narrow construction as to deprive the county courts of the same jurisdiction to enter summary judgments formerly exercised by the district courts of the territory. The existence of such jurisdiction in the county courts of the state was assumed without question in *Farmers' Loan & T. Co. v. Loyd,* 41 Okla. 569, 139 Pac. 278.

The next contention of counsel is to the effect that, inasmuch as the motion for summary judgment was not actually on file in the county court until three days after a copy thereof had been served upon the plaintiff in error, the subsequent action of the county court in entering judgment against him was void. The record shows that a true copy of the motion was delivered to the appellant on the 27th day of April, 1910, that the motion was actually filed in the county court on the 30th day of April 1910, that the summary judgment was entered on the 17th day of May of the same year, without appearance or objection on the part of the plaintiff in error. Counsel argue that in such circumstances "there was no service at all upon the appellant of any motion on file in any court." No authorities are cited in support of this contention, and as it is not apparent to us that it is sound, in the absence of authority to the contrary, we are constrained to hold that this was a substantial compliance with the part of the statute requiring notice of such motion to be served upon the appellant by copy delivered to him ten days prior to the entry of judgment.

Moreover, subsequent to the rendition of the summary judgment, plaintiff in error filed a motion for a new trial, which motion contained both jurisdictional and non-jurisdictional grounds why said judgment should be vacated and set aside. This motion was overruled by the court, and no appeal was taken from its action. In *Ziska v. Avey et al.*, 36 Okla. 405, 122 Pac. 722, it was held that:

"Where a party against whom a judgment is rendered files a motion to vacate the judgment upon the ground that the court has no jurisdiction of the defendant, and said motion is based upon nonjurisdictional as well as jurisdictional grounds, held, that thereby said party enters a general appearance as though said appearance had been made at the trial."

To the same effect is *Pratt v. Pratt,* 41 Okla. 577, 139 Pac. 261.

For the reasons stated the judgment of the court below is affirmed.

All the Justices concur.