## MORGAN v. KARCHER et al.

No. 10069—Opinion Filed April 12, 1921.

(Syllabus.)

1. **Appearance—General Appearance—Motion to Vacate Judgment.**

Where a party against whom a judgment is rendered files a motion to vacate the judgment upon the ground that the court has no jurisdiction of the defendant, and said motion is based upon nonjurisdictional as well as jurisdictional grounds, held, that thereby said party enters a general appearance as though said appearance had been made at the trial.

2. **Judgment—Vacation—Jurisdiction After Term.**

After a final judgment or decree has been rendered, and the term expires, there must be a substantial compliance with the terms of the statute in order to give the court further jurisdiction over the same.

3. **Judgment—Validity—Requisites.**

A judgment is void when it affirmatively appears from an inspection of the judgment roll that either of three following elements is absent, to wit: (1) Jurisdiction over the person; (2) jurisdiction over the subject-matter; and (3) judicial power to render the particular judgment.

4. **Same—Petition to Vacate—Sufficiency.**

It is error for the trial court to overrule a demurrer to a petition to vacate a judgment when said motion does not allege any ground that authorizes the court to vacate said judgment after the term.

Error from District Court, Creek County; Ernest B. Hughes, Judge.

Action by A. R. Morgan against M. S. Karcher and others. Judgment for plaintiff vacated on petition of Karcher and another, and plaintiff brings error. Reversed and remanded, with instructions.

J. T. Smith, for plaintiff in error.

John R. Miller, for defendants in error.

McNEILL, J. On November 18, 1914, A. R. Morgan commenced suit in the district court of Creek county against R. J. Hill, J. S. Baldwin, M. S. Karcher, E. W. Coulter, Edgar Udan, Fred Pennington, and Paul M. Pope, to recover the sum of $1,572 for drilling a well upon a certain oil and gas lease owned by Hill and Baldwin, and to foreclose a mechanic's lien which had been filed against

said leasehold estate. On the 18th day of November, 1914, summons was issued and served upon all of the defendants except Paul M. Pope.

On December 16, 1914, there was filed a disclaimer, signed by Udan and Pennington, disclaiming any interest in the oil and gas lease, and a stipulation signed by Burk and Harrison, attorneys for plaintiff, and Hughes and Miller, attorneys for Udan and Pennington, reciting that Udan and Pennington claimed no interest in the oil and gas lease, and that the case as to them should be dismissed. On December 17, 1914, an answer was filed by Attorneys Bennett and Pope purporting to be the answer for all of the defendants. On the 18th day of December, 1914, there was filed a journal entry dismissing the case against Udan and Pennington with prejudice.

·February 2, 1915, the Bovaird Supply Company filed a petition of intervention in said case to foreclose a mechanic's lien upon the leasehold estate and attached thereto a copy of their lien claim. On the 26th day of February, 1915, a judgment was rendered in favor of the plaintiff and against the defendants R. J. Hill, J. S. Baldwin, M. S. Karcher, and E. W. Coulter for the sum of $1,572 and foreclosure of the lien on the lease, the same to be sold to satisfy the said judgment, but execution to be stayed pending the determination of the lien claim of the interv·ener Bovaird Supply Company.          •

On the 5th day of March, 1915, Karcher and Coulter filed an answer to the petition of plaintiff, denying liability and disclaiming any interest in the leasehold estate, and filed a cross-petition against the codefendants Hill and Baldwin, alleging they had built a rig upon the lease and had filed a lien statement against the leasehold estate for their labor and asked to have the same foreclosed. On the 13th day of March, 1915, execution was issued out of the district court of Creek county in said action directing the sheriff to levy upon the property of Hill, Karcher, Coulter, and Baldwin to satisfy said judgment. On the 12th day of May, 1915, said execution was returned "No property found." In November, 1916, judgment was rendered in favor of Bovaird Supply Company against Hill and Baldwin in the amount of its claim and for foreclosure of its lien on the lease.

The cross-petition of Karcher and Coulter is still pending against Hill and Baldwin, and undisposed of. On March 1, 1916, Karcher and Coulter filed a petition to set aside the judgment rendered February 26, 1915, in favor of the plaintiff and against them for $1,572, and prayed for an order staying execution and for grounds alleged that the judgment was void for the reason that no valid and legal summons was served on the defendants prior to entering said judgment, and alleging they did not appear in said cause. (2) That the purported summons served on defendants was void for the reason the style of the process was not in the name of the state of Oklahoma. (3) That E. B. Hughes, the district judge who tried the case, was disqualified, having been a member of the law firm of Hughes & Miller, prior to the time of taking the oath of office, and the firm of Hughes & Miller were attorneys for Udan and Pennington and filed a stipulation in said case, and that the rights of Udan and Pennington conflicted with the rights of Karcher and Coulter, and by reason of said fact Hughes was disqualified to act as judge and the judgment rendered by him was void. (4) It was alleged that plaintiff was threatening to have execution issue in said case, and unless restrained, execution would issue and be levied upon the property of defendants, and prayed that the judgment be set aside, and vacated, and plaintiff be enjoined from levying execution upon the property of Karcher and Coulter.

On the 24th day of April, 1918, plaintiff filed a demurrer to the petition of the defendants to set aside said judgment, and the cause came on for hearing, and was submitted to the Hon. E. B. Hughes, upon the pleadings and record, who made a finding that he was disqualified to hear the case in the first instance by reason of having been counsel for Udan and Pennington, and vacated the judgment. From said judgment the plaintiff has appealed.

The first two propositions alleged in the petition to set aside the former judgment questioned the validity of the summons for the reason the writ did not run under the style prescribed by article 7, sec. 19, of the Constitution. The plaintiff in error does not brief this question, but contends all questions regarding the validity of the summons were waived when the defendants on March 5, 1915, although after judgment, filed their answer and cross-petition in said action and asked for affirmative relief. It is further contended the petition to vacate the judgment was upon jurisdictional as well as non-jurisdictional grounds, and the defendants thereby waived all defects in the summons. We think both of these contentions are sustained by a long line of decisions of this court. This court in passing upon that identical question has stated as follows:

"Where a party against whom a judgment is rendered files a motion to vacate the judgment upon the ground that the court has no jurisdiction of the defendant and said mo-

tion is based upon nonjurisdictional as well as jurisdictional grounds, held, that thereby said party enters a general appearance as though said appearance had been made at the trial." Lindley v. Hill, 58 Okla. 71, 158 Pac. 356; Ziska v. Avey, 36 Okla. 405, 122 Pac. 722; Pratt v. Pratt, 41 Okla. 577, 139 Pac. 261.

When the defendants filed their answer and cross-petition on March 5th they entered a general appearance in the case, thereby waiving any defect in the summons, and submitted themselves to the jurisdiction of the court; and again when they filed the petition to vacate the judgment and asked for affirmative relief, to wit, an order to restrain the issuance of execution, and asked for an order that execution thereafter be stayed, they thereby submitted themselves to the jurisdiction of the court for all purposes, as though said appearance had been made at the trial.

The defendants in error rely upon the cases of Sharp v. Sharp, 65 Oklahoma, 166 Pac. 175, Continental Gin Co. v. Arnold, 66 Oklahoma, 167 Pac. 613, and Jefferson v. Gallagher, 56 Okla. 405, 150 Pac. 1071. These cases might have been controlling had the defendants not entered their general appearance and asked for affirmative relief after the rendition of the judgment.

The other ground alleged in the petition to vacate the judgment recited the fact that E. B. Hughes, having been counsel in the case, was disqualified to act as trial judge and was disqualified to render judgment in said case. The power and authority of the district court of this state to modify or vacate its judgment or order after the term in which said judgment or order was entered is defined by section 5267, Rev. Laws 1910. The petition to vacate the judgment did not allege any grounds enumerated in any subdivision of said section to authorize the court to vacate the judgment rendered at a former term, and failed to state a cause of action as a petition or motion to vacate a judgment under this section of the statute. The trying of a case by a disqualified judge is not a ground mentioned in said section to vacate a judgment. There was no allegation of fraud contained in the petition.

This court in a long line of decisions has stated as follows:

"After a final judgment or decree has been rendered, and the term expires, there must be a substantial compliance with the terms of the statute in order to give the court further jurisdiction over the same." McAdams v. Latham, 21 Okla. 511, 96 Pac. 584; Allen v. Gaston, 74 Oklahoma, 189 Pac. 183.

It is argued, however, that Judge Hughes was d'squalified under section 5812, Rev. Laws 1910, and the judgment was void, and that a void judgment may be vacated at any time upon motion as provided in section 5274, Rev. Laws 1910, by any party or person affected thereby. This is true, but a judgment is void, and may be set aside upon motion or by collateral attack, when any of the three jurisdictional elements is wanting, as disclosed by the judgment roll: (1) Jurisdiction of parties; (2) jurisdiction of the subject-matter; and (3) judicial power of the court to render the particular judgment. See Oklahoma City v. Corporation Commission, 80 Okla. 194, 195 Pac. 498; Jefferson v. Gallagher, supra. The judgment roll in the instant case does not disclose that Judge E. B. Hughes was disqualified within the meaning of section 5812, Rev. Laws 1910. The judgment record fails to disclose that the trial judge had any interest in the case, or was related to the parties, or had been counsel for either of the parties to the suit in which he was called upon to render judgment, or that he was interested in the proceeding in any manner, or that he was called upon to determine the validity of any paper or instrument prepared or signed by him as counsel or attorney. The record discloses no such disqualification. The judgment roll, therefore, discloses no facts that disqualified the trial judge, or that would render the judgment void.

The petition to vacate the judgment failed to state grounds, enumerated in section 5267, Rev. Laws 1910, to authorize the court to set aside a judgment rendered at a former term, nor did the judgment roll disclose the judgment void, and subject to be set aside at any time upon motion as provided in section 5274, Rev. Laws 1910.

It was therefore error for the court to overrule the demurrer of the plaintiff to the p'tition of defendants to set aside said judgment. The judgment of the district court is therefore reversed, and the cause remanded, with instructions to the trial court to set aside said order vacating the judgment and to sustain the demurrer to the petition.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.