Poe v. Bradley.

## POE v. BRADLEY.

UNLAWFUL DETAINER: *No damages recoverable.*
  In an action for unlawful detainer where possession is delivered to the plaintiff under the writ, the only judgment he is entitled to is for cost. No damages are recoverable for detention of the premises.

APPEAL from *Polk* Circuit Court.
Hon. H. B. STUART, Circuit Judge.

Poe v. Bradley.

*E. H. Poe* for appellant.

The court erred in rendering judgment for damages; it should have been for costs only. *24 Ark.,575 ; 36 Ib., 330 ; 40 Ib., 38; Acts 1875, secs. 2, 7, etc.; Act March 2, 1875, p. —.*

No demand or notice was given after permission to occupy was obtained. *Sedg. &. W. Trial Title to Land, sec. 384, etc., p. 240–1.*

SMITH, J. The defendant was a tenant of the plaintiff under a lease which expired on the first of January, 1884. On the twenty-fifth November, 1883, he was served with a notice in writing to quit at the end of his term. The early days of January were extremely cold, and the defendant requested and was accorded permission to occupy the house for a few days until the severity of the weather should abate. About the middle of the month, the defendant not having vacated, the plaintiff, without serving any additional notice, brought unlawful detainer, and possession of the premises was delivered to him under the writ. The answer set up that no demand for possession had been made after the arrangement for a temporary occupation beyond the term was entered into. The jury found a verdict for the plaintiff and assessed his damages at $2.50, and judgment was given accordingly.

This is correct except as to the assessment of damages. In this form of action the only judgment that can be properly rendered for the plaintiff is for costs. No damages are recoverable for detention of the premises. *Mansfield's Digest, sec. 3361 ; Keller v. Henry, 24 Ark., 576 ; Collins v. Karatopsky, 36 Ib., 330; Walker v. McGill, 40 Ib., 38.*

The judgment for damages is vacated and in other respects is affirmed, the appellant to recover his costs in this court.