UNITED STATES FIDELITY & GUARANTY CO. *et al.* v. BALLARD.

No. 925, Ind. T.    Opinion Filed January 13, 1909.

(99 Pac. 1017.)

1. **FORCIBLE ENTRY AND DETAINER—Damages—Actions to Recover.** A plaintiff, in an unlawful detainer action, in which defendant has given bond and retained possession of the premises described in the writ, is not limited to the remedy provided in section 3362, Mansf. Dig. Ark. (Ind. T. Ann. St. 1899, sec. 2296), for his recovery of damages, where he recovers on the main issue, but may maintain a separate action upon the bond against the principal and surety, or against the surety separately.

2. **FORCIBLE ENTRY AND DETAINER—Damages—Actions to Recover—Petition—Insufficiency.** A petition, in an action upon a retainer bond by the plaintiff, in an unlawful detainer action to recover damages sustained by him by reason of being kept out of possession of his lands and premises by defendant under a retainer bond, as provided by section 3355, Mansf. Dig. Ark. (Ind. T. Ann. St. 1899, sec. 2289), which does not allege that plaintiff obtained judgment in the unlawful detainer action for possession of said premises, and that he sustained damages by reason of being kept out of possession of said premises, fails to state a cause of action against the surety on such bond.

(Syllabus by the Court.)

*Error from United States Court for Northern District of the Indian Territory; Luman F. Parker, Jr., Judge*

Action by Randolph Ballard against the United States Fidelity & Guaranty Company and others. Judgment for plaintiff, and the guaranty company brought error to the United States Court of Appeals in the Indian Territory, whence the cause was transferred, under the Enabling Act, to the Supreme Court of the state of Oklahoma. Reversed.

On the 29th day of February, 1900, defendant in error instituted an action of unlawful detainer in the United States Court for the Northern District of the Indian Territory at Vinita against Geo. W. May for the possession of a farm and the improvements thereon and for damages. At the time of issuing the

writ he executed and filed his bond, as is provided by section 3352, Mansf. Dig. Ark. (Ind. T. Ann. St. 1899, § 2286). The said Geo. W. May, defendant in that action, executed a retainer bond, as provided by section 3362 of said statute, with plaintiff in error as surety thereon. On the 20th day of October, 1903, judgment was rendered in said case, on stipulation of the parties, in favor of plaintiff for the sum of $300. Plaintiff in error was not a party to the stipulation, and no judgment was taken against it. In accordance with a provision of the stipulations the judgment was stayed until January 1, 1904, after which time execution was issued, but the officer was unable to find any property of said Geo. W. May upon which to levy. Defendant in error brought this action in the same court upon said Geo. W. May's retainer bond, and seeks to recover judgment thereon against plaintiff in error as surety. He alleges in his petition, in substance, the foregoing facts. To defendant in error's petition, plaintiff in error filed in the trial court its demurrer, which was overruled by the trial court. Whereupon plaintiff in error refused to plead further, and the court rendered judgment in favor of defendant in error, from which judgment appeal was taken to the United States Court of Appeals in the Indian Territory prior to the admission of the state, and the same is now before this court under the provisions of the Enabling Act for final disposition.

D. H. Wilson, for plaintiff in error.

James S. Davenport, for defendant in error.

Hayes, J. (after stating the facts as above). The provisions of the statute that authorized forcible entry and detainer action, and regulated the procedure in such actions in the Indian Territory, are contained in chapter 67, §§ 3346-3370, Mansf. Dig. Ark. (Ind. T. Ann. St. 1899, §§ 2280-2304). By section 3362 of said statutes it is provided that in all forcible or unlawful detainer actions, where the defendant gives bond and retains possession of the land and premises mentioned in the writ, it

shall be lawful for the plaintiff to introduce evidence before the jury trying the main issue in such action, showing the damages he has sustained by reason of being kept out of possession of said land; and, if the jury shall find the issue for plaintiff, it shall at the same time assess his damages, if any he has sustained, and the court shall render judgment against defendant and his security in the bond for the damages found by the jury." Is the remedy afforded to the prevailing plaintiff by this section of the statute for recovery of damages, when he has been kept out of possession of the land and premises sued for by defendant's giving a retainer bond, and exclusive remedy, or is it cumulative? Is defendant in error limited in enforcing his right to recover damages to his remedy under said section of the statute against both the principal and surety on the bond, or may he now recover in this action upon the bond against the surety?

Actions of unlawful detainer as authorized by the Statutes of Arkansas, prior to March 2, 1875, might be begun by any party filing his complaint and causing ordinary summons to be issued, without giving any obligation, or by his filing with his complaint his affidavit, or the affidavit of some other creditable person for him, stating that he was entitled to the possession of the land and premises sued for, and by executing bond to the sheriff in a sum at least double the value of the property specified in the writ. If the action was brought in the manner last mentioned, possession of the premises was delivered to plaintiff at the beginning of the action. The Legislature of Arkansas, on March 2, 1875, passed an act (Acts 1874-75, p. 196), amending the statute, and on December 13th of the same year passed a second act (Acts 1875, p. 98), amending the preceding act of March 2d. By the provision of these two amendatory acts, a defendant in an unlawful detainer action was permitted, within 10 days after the service upon him of the writ of possession in such action, to execute bond and retain possession of the premises in the writ. By said acts it was made lawful for the defendant, when the plaintiff had, upon the beginning of the action,

executed bond, and the defendant had been dispossessed of the land and premises mentioned in the writ, to introduce before the jury trying the main issue in the action evidence showing the damages he had sustained by reason of his being dispossessed under the writ; and, if the jury found for defendant upon the main issue, it was made the jury's duty to find the damages defendant had sustained, and it was the duty of the court to render judgment against the plaintiff and his security on the bond for the damages found by the jury. Section 3363, Mansf. Dig. St. Ark. But prior to this act of the Legislature the court was unauthorized to permit the defendant, who had been dispossessed under the writ at the beginning of the action, to recover damages in the same action. He was compelled to resort to a separate action upon plaintiff's bond. This condition, where the defendant had given bond and retained possession, existed also as to plaintiff until Act. Feb. 8, 1883, (Acts 1883, p. 5), which contained said section 3362, *supra.* Until the passage of this act when the defendant gave bond as authorized by section 3355. and retained possession of the property pending the final trial of the action, plaintiff could not recover damages in the main action, but was compelled to resort to a separate action upon the bond. *Collins v. Karatopsky,* 36 Ark. 330. Did this section, giving to plaintiff a remedy by which he could recover in the main action his damages, destroy his remedy by a separate action on the bond? We think not. It is a well-settled rule that if a statute gives a remedy for a matter in the affirmative without negativing the remedy already existing at common law, such statutory remedy does not repeal the common-law remedy, and a party may resort to either remedy. 2 Lewis' Sutherland on Statutory Construction, p. 1057.

The language of section 3362, *supra,* is:

"It shall be lawful for the plaintiff to introduce before the jury trying the main issue in such action evidence showing the damages he may have sustained in being kept out of possession of said lands and premises. * * *'

The statute does not read that he "shall do so," and there is nothing in said section making it compulsory for the plaintiff

to use this remedy to recover his damages, nor does it contain language which expressly or by implication, negatives his right to sue at common law upon the bond. The bond executed by defendant in this action is alleged to have been lost, and no copy of the same has been attached to plaintiff's petition. and we are unable to say whether the form of the bond is that of a joint obligation, or of a joint and several obligation. But this is immaterial, for by section 3900, Mansf. Dig. St. Ark., it is provided that:

"Joint obligations shall be construed to have the same effect as joint and several obligations and may be sued on and recoveries had thereon in like manner."

Defendant in error, therefore. although he took judgment against the defendant in the unlawful detainer action, who was principal on the bond, is not precluded thereby from bringing his separate action on the bond against the surety.

We come now to the consideration of the allegations of plaintiff's petition to ascertain whether they state a cause of action against defendant. It is agreed that the conditions of the bond are those prescribed by the statute, which are that defendant shall deliver to plaintiff possession of the premises, together with the costs and damages awarded to him, if so decreed by the court. No copy of the judgment rendered in the unlawful detainer action is set out in plaintiff's petition, or attached thereto, nor are the contents of said judgment alleged, further than that defendant in error plaintiff in that action, recovered judgment against defendant for $300. It is not alleged in the petition that defendant in error obtained judgment for the possession of the premises, nor is it alleged that the money judgment obtained by him against defendant was awarded to him as his damages. On the other hand, it is alleged that such judgment was rendered on stipulation, and that the amount stipulated was agreed upon as rents due by defendant in that action to plaintiff.

Much attention has been given by counsel of both parties in

their briefs to the question of whether the judgment rendered in the unlawful detainer action in favor of defendant in error for $300 is a void judgment. We cannot see how this question is material in the consideration of this case. This is not an action upon that judgment, but is an action upon the bond, which plaintiff in error signed as surety, binding itself to pay such damages as defendant in error sustained by being kept out of possession by May, defendant in the unlawful detainer action. Plaintiff does not allege that he obtained judgment in the unlawful detainer action for possession of the premises, or any part thereof, involved in that action, or that he obtained judgment for costs. A copy of the stipulation on which the judgment for $300 was rendered is contained in plaintiff's petition, but it does not stipulate for any judgment for possession, damages, or cost. It recites that it is agreed that judgment in favor of plaintiff against defendant for the sum of $300 may be rendered, but that each party is to pay his own cost, and plaintiff alleges that the amount agreed upon in the stipulation was agreed upon as rents due by defendant in the unlawful detainer action to plaintiff. He does not allege what damages, if any, he sustained by reason of having been kept out of possession by the defendant in the unlawful detainer action under his retainer bond, or of what such damages consist. The facts alleged, we think, are insufficient to constitute a cause of action against plaintiff in error. Defendant in error seeks to recover by a separate action upon the bond against plaintiff in error. The fact that he obtained judgment in the principal action against defendant therein as the principal on the bond for the sum of $300 upon stipulation, whether the judgment is valid or invalid, constitutes no cause of action in this case. It is necessary for plaintiff, in order to recover in this action, that he allege and show that in the unlawful detainer action he recovered judgment for possession of the premises, and that he sustained damages by reason of the defendant's retaining possession of the premises under the retainer bond. None of these allegations appear in his petition.

As before stated, the validity of this judgment has been discussed by counsel for both parties. It is urged by plaintiff in error that same is void, for the reason that the court was without power, under said section 3362, to render judgment except upon verdict of a jury. The petition in this case does not advise us whether any judgment was rendered in the unlawful detainer action other than the judgment for $300. Since we are not advised whether any judgment for possession was rendered in that action in favor of plaintiff against defendant, and whether, if any was rendered, it was rendered upon a verdict of a jury, or by the court without a jury, any opinion expressed by the court at this time upon this question would be *obiter dicta* upon the validity of the judgment in question.

The judgment of the trial court is reversed.

All the Justices concur.