E. J. PYLE, *Appellee*, v. THE WESTERN UNION TELE-
GRAPH COMPANY, *Appellant*.

No. 18,224.

SYLLABUS BY THE COURT.

FORCIBLE DETAINER — *Appeal* — *Appellant Must Pay Double Rental Value.* In an action of forcible entry and detainer wherein a judgment was entered against appellant an appeal was taken to the district court in which an appeal bond was given. The appellant did not sign the bond and the obligors bound themselves in a limited sum to pay double the value of the use and occupation of the property from the date of the bond until the delivery of the property if judgment should be rendered against appellant. After judgment adverse to appellant had been rendered appellee brought an action against appellant alone to recover damages for the unlawful detention of the property. *Held,* that the liability of appellant resulted from the taking of an appeal and the judgment determining the unlawful detention of the property, that the action herein was not brought upon the appeal bond nor was the appellant's liability measured by the penalty of the bond, that when judgment was rendered against appellant it became liable to pay double the value of the use and occupation of the property from the date of the appeal until the delivery of the property, and that the appeal was not incomplete nor the liability of appellant affected by the fact that it did not sign the appeal bond.

Appeal from Finney district court. Opinion filed June 7, 1913. Affirmed.

*Albert Hoskinson, R. W. Hoskinson,* both of Garden City, *Carl Van Riper, L. A. Madison,* both of Dodge City, and *George H. Fearons,* of New York, N. Y., for the appellant.

*Edgar Foster, William Easton Hutchison, C. E. Vance,* and *A. Schulman,* all of Garden City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by E. J. Pyle to recover from the Western Union Telegraph Company double the value for the use of certain real property in Garden City which the latter had unlawfully occupied for a certain time. In a proceeding for unlawful detainer brought by Pyle before a justice of the peace to recover possession of the property from the company judgment was given for Pyle. An appeal was taken by the company on August 7, 1907, and to that end it gave a bond in the sum of $500, signed by two sureties but not by itself, in which, among other things, the obligors bound themselves that if judgment should be rendered against the company it would pay double the value of the use and occupancy of the property from the date of the bond until the delivery of the property. On the appeal to the district court Pyle prevailed and the judgment of that court was affirmed in this court. (*Pyle v. Telegraph Co.,* 85 Kan. 24, 116 Pac. 229.) The company surrendered possession of the premises on July 1, 1909, and later this action was brought to recover for the use of the premises from October 1, 1906, to August 7, 1907, when the appeal was taken, at the rate of $30 per month, and also from the taking of the appeal until the surrender of the premises on July 1, 1909, at the rate of $60 per month. On the trial the court found the rental value of the property to be $30 per month and adjudged that the company should pay $306 for the period of unlawful occupancy prior to the taking of the appeal, which was

ten months and six days. For the period of one year, ten months and twenty-four days, the time between the taking of the appeal and the surrender of the property, it was adjudged that the recovery should be upon the basis of $60 per month, amounting to $1368, and which was double the value of the use and occupancy of the property for the time stated. The two sums named, with interest thereon, amounted to $1917.40, for which judgment was rendered.

The company appeals, and its first contention is that the action is on the bond, and that it is not liable because it did not sign the bond. The action is not brought upon the bond and no recovery was sought from the sureties who signed it. The action is against the appellant itself to recover damages for its unlawful detention of appellee's property. If an action had been brought against the sureties on the appeal bond their liabilities would, of course, have been limited to the penalty named in the bond, but the recovery against appellant in this action is not measured by the penalty of that instrument, but the recovery sought is the value of the use and occupancy of the property, the possession of which the appellant wrongfully withheld. The company would have been liable for the unlawful detention of the property if no appeal had been taken or bond given, but the taking of the appeal and the wrongful withholding of the property affected the measure of damages and increased the amount of the company's liability. By the judgment in the forcible detainer action it was determined that appellee was entitled to the possession of the property and that the occupancy of it by the appellant was unlawful. There can be no serious contention but that the appellee was entitled to an award of $30 per month, which was the rental value of the property, from the time of entry until the appeal was taken, but it is earnestly contended by appellant that it can not be held liable for double the value of the use and occupancy of the premises during the

Pyle v. Telegraph Co.

period between the taking of the appeal and the sur-render of the property. This liability of the appellant results from the taking of the appeal and the measure of the liability is fixed by statute. The remedy of forcible entry and detainer is purely statutory and is summary in character. The law contemplates that the steps in the action shall be speedily taken and that there shall be early restitution of the property wrong-fully withheld. It gives an appeal, but it provides that the one who takes it must pay the other party double the value of the use and occupancy of the property while possession is withheld through the appeal if the judgment is against the appellant. (Jus. Civ. Code, § 132a; *Coonradt v. Campbell*, 29 Kan. 391.)

Under a statute similar to our own the supreme court of Oklahoma, in speaking of the measure of re-covery, said:

"The statute measures the damage by double the rental value of the premises; and where it is shown that the plaintiff was in the peaceable and quiet pos-session of the premises and was dispossessed thereof, by force, by the defendant, plaintiff is entitled to re-cover, as damages, double the rental value of the premises for the period the possession was withheld from him." (*Chisholm et al. v. Weise*, 5 Okla. 217, syl., 47 Pac. 1086.)

The statute referred to fixes the measure of recovery in case of an unsuccessful appeal. The party right-fully entitled to the property is deprived of it for a considerable time by the taking of the appeal, and the law says to the unsuccessful party to a judgment, you may take an appeal but it is at the risk that you will be required to pay double the rental value of the prop-erty in case the final judgment is against you. It was the taking of the appeal and the consequent loss of the use and occupancy of the property which created the liability upon which appellee seeks to recover. The appeal bond was only a step in the appeal, and while it is security for the liability of the appellant to the ex-

tent of the penalty in the bond it does not measure its liability which results. from taking the appeal and continuing the unlawful detention of the property. It can not be successfully maintained that the appeal bond was not effective or the appeal incomplete because appellant did not attach its signature to the bond. The statute relating to appeals provides that the signing of the bond by the appellant is not essential to the perfecting of an appeal or the validity of an appeal bond. (Jus. Civ. Code, § 121.)

The judgment of the district court will be affirmed.