**AMERICAN SURETY CO. et al. v. WILLIAMS.**

No. 7801—Opinion Filed Aug. 14, 1917.

Rehearing Denied July 23, 1918.

(173· Pac. 1132.)

1. **Landlord and Tenant—Unlawful Detainer—Bond—Recovery—Action on Bond.**

A plaintiff in an unlawful detainer action, in which defendant has given bond and retained possession of the premises, is not limited to the remedy provided by section 5477, Rev. Laws 1910, for his recovery of damages, where he has recovered on the main issue, but may maintain an independent action upon the bond against the principal and sureties, or against the sureties separately (following United States F. & D. Co. v. Ballard, 23 Okla. 60, 69 Pac. 1017).

2. **Same—Appeal Bond—Action—Amount of Recovery.**

In an action on an appeal bond executed conformably to section 5475, Rev. Laws 1910, recovery of double the value of the use or occupation of the property detained, from the date of the bond may be had without allegation or proof of the commission of waste.

3. **Appeal and Error—Case-Made—Certification.**

Where a party has by order of this court obtained leave to withdraw a case-made for correction under the supervision of the trial court, and, upon a proceeding pursuant to such order in which conflicting testimony relative to the correctness of the case-made is adduced, the trial court refuses to permit an amendment of the case-made, this court will not review such evidence for the purpose of determining the weight thereof, but will consider the case-made as certified.

4. **Appeal and Error—Case-Made—Review.**

The Supreme Court on appeal may properly consider only those questions before it upon the record or case-made.

(Syllabus by Bleakmore, C.)

Error from District Court, Grady County; Will Linn, Judge.

Action by Charles T. Williams against Ed McMullen and the American Surety Company on an appeal bond in an action of forcible detainer. Judgment for plaintiff, and defendants bring error. Affirmed.

Vaught & Brewer and Ledbetter & Adams, for plaintiffs in error.

Bond, Melton & Melton, for defendant in error.

Opinion by BLEAKMORE, C. This suit was commenced in the district court of Grady county by Charles T. Williams, as plaintiff, against Ed McMullen and the American Surety Company, as defendants, on an appeal bond in an action of forcible detainer executed by defendants pursuant to section 5475, Rev. Laws 1910. There was judgment for plaintiff, and defendants have appealed. The parties are referred to as they appear below.

The controlling facts appearing from the record are that plaintiff in an action of unlawful detainer before a justice of the peace of Grady county recovered against McMullen for the restitution of 340 acres of land, from which judgment McMullen appealed to the district court, executing an appeal bond with the American Surety Company, as surety, by the terms of which he bound himself, among other things, that if judgment were rendered against him to pay plaintiff double the value of the use and occupation of the property from the date of such bond, etc. In the district court Williams again prevailed, obtaining final judgment. Thereafter this action was commenced, seeking recovery of double the rental value of the premises detained.

Defendants here urge that by virtue of the provisions of sections 5475 and 5477, Rev. Laws 1910, recovery on such an appeal bond is not permissible in an independent action as is the instant case, but may only be had upon motion in the original cause, and that in any event in order to recover double the rental value of the premises plaintiff must establish the commission of waste.

While it has been decided in this jurisdiction, under the provisions of the statute, that in a proper case judgment should be rendered on such an appeal bond upon motion in the original action (Farmers' Loan & Trust Co. v. Loyd, 41 Okla. 569, 139 Pac. 278), yet no case has been found holding that the procedure provided by section 5477, authorizing judgment on an appeal bond upon the motion of the appellee in the court to which the cause has been appealed from the judgment of the justice, prescribes the exclusive method by which, and designates the only action wherein, the obligation of such bond may be enforced; nor do we conceive that such was the intent of the Legislature. The general rule seems to be that:

"If the statute gives a remedy in the affirmative without a negative, express or implied, for a matter which was actionable at common law, the parties may sue at the common law as well as upon the statutes; for this does not take away the common-law remedy." Lewis' Sutherland Statutory Construction (2d Ed.) § 572.

Construing a similar provision of the statutes of Arkansas, in force in the Indian Territory prior to statehood, this court, in United States Fidelity & Guaranty Co. et al. v. Ballard, 23 Okla. 60, 99 Pac. 1017 held:

"A plaintiff, in an unlawful detainer action, in which defendant has given bond and retained possession of the premises described in the writ, is not limited to the remedy provided in section 3362, Mansf. Dig. Ark. (Ind. T. Ann. St. 1899, § 2296), for his recovery of damages, where he recovers on the main issue, but may maintain a separate action upon the bond against the principal and surety, or against the surety separately."

And the right to maintain such action was recognized in Penny v. Richardson et al., 12 Okla. 256, 71 Pac. 227. This view is in accord with decisions of the Supreme Court of Kansas, from which state the statute was taken. Coonradt v. Campbell, 29 Kan. 391; Pyle v. Western Union Telegraph Co., 89 Kan. 808, 132 Pac. 990 In the latter case it was said:

"The law contemplates that the steps in the action shall be speedily taken and that there shall be early restitution of the property wrongfully withheld. It gives an appeal, but it provides that the one who takes it must pay the other party double the value of the use and occupancy of the property while possession is withheld through the appeal if the judgment is against the appellant."

Speaking of the undertaking provided for by such section in Penny v. Richardson et al., supra, it was said:

"This bond is not conditioned to pay double the value of the use and occupation of the premises until the decision of the case on appeal in the district court. It has no limitation of liability, in case of affirmance of the judgment, 'until the delivery of the property, pursuant to the judgment'."

While one of the dual conditions of the undertaking in suit is that the appellant will not commit waste, yet such condition is entirely independent of the other to pay double the value of the use and occupation of the premises while possession thereof is withheld by virtue of such bond. In the present action damage for waste is not sought nor could recovery therefor be had in the absence of allegation and proof of injury to premises detained resulting in permanent loss. Clearly a breach of both conditions of the bond is not essential in order to give rise to a cause of action for the breach of one.

Defendants further urge that the court below was without jurisdiction to render judgment for rents, for the reason that subsequent to the execution of the appeal bond sued on McMullen offered to deliver possession of the property to plaintiff, who declined to accept same; and in support of this contention cite Obert v. Zahn, 45 Okla. 219, 145 Pac. 403, wherein this court held:

"Where, pending the trial of an action of forcible entry and detainer, no question of damages being involved, it is made to appear to the court below that defendants had abandoned the premises in controversy and their claim to possession thereof, held, that the court was without jurisdiction to proceed further and render judgment for the plaintiff."

Suffice it to say in this regard damages were not waived in the instant case, and defendant did not yield possession, but, on the contrary withheld the same and occupied the premises under his bond until the case on appeal was finally determined against him.

It is also contended by defendants that neither the justice of the peace nor the district court on appeal had jurisdiction to try the unlawful detainer action in which the bond in suit was executed, for the reason that Williams, the plaintiff herein, had never been in possession of the premises, and that such action was brought primarily to test the validity of certain leases under which he claimed the right to the possession as against defendant McMullen. We do not view this contention with favor. So far as the record discloses, the jurisdiction of neither the justice nor district court was challenged in the original action on this ground, and certainly, in the absence of any showing to the contrary, we may not properly presume that the jurisdictional facts necessary to support the judgment in that action were not pleaded and established by the evidence therein. Defendants in their brief say:

" * * * In other words, that Williams, holding conflicting leases on the same land occupied by McMullen, who was holding under leases from the same allottees, sought to obtain possession through having his title declared superior to that under which McMullen was holding, in a justice court, instead of thus testing his title in a suit in a court of competent jurisdiction"

—and insist that such question was presented on the trial of this cause by offering in evidence certain written lease contracts under which McMullen claimed to have been rightfully in possession of the premises, and which it is asserted establish that he and not the plaintiff was entitled to the rents thereof during the period of their detention under the bond in suit.

Neither such leases nor the fact that they were offered in evidence appears by the case-made, and, in order that the same might be incorporated therein, defendants, upon motion in this court, were granted leave to withdraw the case-made for correction in this respect under the supervision of the trial court; pursuant to which, proceedings looking to that end were had in that court, but the court, after hearing testimony pro and con, refused to amend the case-made to show that the leases in question were in fact offered in evidence, or to incorporate them as a part thereof. The evidence in such proceeding was conflicting; and we are not disposed to review the same for the purpose of determining its weight, but will pass upon the case-made as certified. The leases in question, not being before us, may not be considered.

No reversible error appearing, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.