## HART v. FERGUSON.

No. 7001—Opinion Filed Nov. 19, 1918.

(176 Pac. 396.)

**1. Forcible Entry and Detainer—Landlord and Tenant—Real Property—Recovery.**

In an action for the forcible entry and detention, or detention only, of real property, the only recovery that can be had by the complainant must be for the possession of the lands in controversy and costs.

**2. Landlord and Tenant — Jurisdiction of District Court—Receivership and Sale.**

On appeal from a judgment of a justice of the peace court in an action of unlawful detainer to the district court, the district court is without jurisdiction to appoint a receiver for the crop growing upon the land in controversy, or to approve the sale of the crop by such illegally appointed receiver, or to order the proceeds of such sale paid to the plaintiff, or to tax the defendant with the costs of the receivership.

**3. Abatement and Revival—Action—Recovery—Receivership—Joinder.**

Pending a case for unlawful or forcible detainer, the complainant in a separate action may recover for rent, or use and occupancy, as the case may be, and if there be a growing crop upon the premises, upon proper averments, may have appointed a receiver by the district court to take charge of said crop and dispose of the same; but an action for rent or damages, although such other causes of action may arise out of the same transaction, cannot be joined in an action of forcible or unlawful detainer.

(Syllabus by Collier, C.)

Error from District Court, Bryan County; Jesse M. Hatchett, Judge.

Action by J. W. Ferguson against Odell Hart. Judgment in justice court for defendant, and from a judgment, on appeal, upon a directed verdict for plaintiff, and from the overruling of a motion for a new trial, defendant brings error. Modified and affirmed.

Porter Newman, for plaintiff in error.

J. M. Crook, for defendant in error.

Opinion by COLLIER, C. This is an action instituted in a justice court by the defendant in error against the plaintiff in error for possession of lands described in the complaint. Hereinafter the parties will be designated as they were in the trial court.

The justice of the peace before whom the action was brought certified the case from the justice court to the district court, upon the ground that the issues in the case involved title to land and the justice court had no jurisdiction. The case coming on to be heard in the district court of Bryan county, the district judge adjudged that it was a case of simple detainer, and that the justice court had jurisdiction, and remanded the case back to the justice court for trial, where the case was tried and judgment rendered for the defendant for the premises. The plaintiff appealed from the judgment of the justice court to the district court of Bryan county, where the same coming on for trial, the court instructed a verdict for the plaintiff, and on the 31st day of March, 1914, the court entered judgment against the defendant for the possession of the land. On April 2d, a motion for new trial was filed, which was overruled on the 14th of April, exception saved, and notice of appeal given, and appeal perfected to the Supreme Court.

We are of the opinion that the uncontradicted evidence shows that the defendant never had legal possession of the land, and the uncontradicted evidence of the defendant's answer shows that at the time of the trial he was not in possession of the land, even if the contention of the defendant be accepted as true, that he rented the land for 1913 from a receiver appointed in this case, such renting was illegal, and conferred no right of possession upon the defendant, and there being no evidence whatever to show that the defendant was in legal possession of the land, and there being no dispute that at the time of the trial the plaintiff was entitled to possession of the land in controversy, the court did not err in directing a verdict for plaintiff for the possession of the land.

The district court of Bryan county in the trial of the cause was exercising only appellate jurisdiction, and therefore the action of the court in appointing a receiver and directing the sale of the crop grown upon the land in controvery during the year 1913, was without authority of law and void, and likewise was the order of the court directing that the proceeds of such sale be paid to the plaintiff.

It is the unbroken line of decisions that, unless especially provided by statute, in an action of unlawful or forcible detainer, possession of the land is the only recovery that can be had. No question of rent, or damage to the land is involved; our statutes do not provide for the recovery of rent or damages in such actions. In Walker v. McGill, 40 Ark. 38, it is said:

"The judgment for the plaintiff in an action of forcible entry, or unlawful detainer, must be only for possession and cost."

In Poe v. Bradley, 44 Ark. 500, it is said:

"In an action for unlawful detainer where possession is delivered to the plaintiff under the writ, the only judgment he is entitled to is for cost. No damages are recoverable for detention of the premises."

In Robinson v. Crummer, 10 Ill. (5 Gilman) 218, it is said:

"The action of forcible entry and detainer is purely a civil remedy, the sole object of which is to regain a possession which has been invaded, and the only judgment that can be rendered is that the plaintiff have restitution of the premises of which he has been unjustly deprived."

In Stover v. Hazelbaker, 42 Neb. 393, 60 N. W. 597, it is said:

"The only judgment that can be pronounced in" an action of forcible detainer "is that the plaintiff have restitution of the premises sued for, or that the plaintiff's action be dismissed, and that the defendant go hence without day."

In 19 Cyc. 1168. K. it is said:

"The right to recover damages in actions for forcible entry and detainer and kindred actions is, in many jurisdictions, expressly conferred by statutes containing various provisions as to the elements and amount thereof. While this is true, it nevertheless seems to be well settled that, in the absence of some statutory provision expressly authorizing it, damages cannot be recovered."

Section 5513, Revised Laws. provides:

"If the jury shall find the complaint true, they shall render a general verdict of guilty

against defendant; if not true, then a general verdict of not guilty; if true in part, then a verdict setting forth the facts they find true."

Section 5514, Revised Laws, provides:

"The justice shall enter the verdict upon his docket, and render such judgment in the action as if the fact authorizing the finding such verdict had been found to be true by himself."

Section 5516 Revised Laws, provides the form of execution to be issued in case of judgment for plaintiff in actions of unlawful or forcible detainer of land, and commands "the forthwith removal of the defendant from the premises, and restitution thereof to the plaintiff, and for costs."

The statutes under consideration were taken from Kansas and were construed prior to adoption by this state. In George Ow v. James Wickham, 38 Kan. 225, 16 Pac. 335, it is held:

"Where an action is brought before a justice of the peace under article 13, c. 81. Comp. Laws of 1885, and there is joined therewith a claim for damages growing out of the same transaction, held, that the proceeding under the forcible entry and detainer act is a summary proceeding, and cannot be joined with other causes of action, although such other causes of action may arise out of the same transaction."

In said opinion it is said:

"Again the forcible entry and detainer act provides in specific terms the form of the verdict and the judgment, and the execution on the judgment; and neither in the verdict, judgment, nor execution, is any reference made to damages for the detention, or for injury to the property. If it had been contemplated that a judgment may also be rendered in this class of * * * damages to the property as in actions of replevin, then some provision. it seems to us, would have been made in the form of the verdict, judgment. and execution. It is true that in many other respects the trial and procedure are the same as in other proceedings before justices of the peace; also, that an appeal may be taken and exceptions on questions of law saved, and the like; and these provisions doubtless led counsel and the court to believe that because of this similarity in other actions, other causes of action might be joined ; but the fact must not be lost sight of that the proceeding was designed solely as a summary means of obtaining possession of property. where it was withheld by a defendant without right or color of right."

We have not overlooked the fact that the Supreme Court of the territory of Oklahoma held in Chisholm v. Weise, 5 Okla. 217, 47 Pac. 1086, and in Rice v. West, 10 Okla. 1, 33 Pac. 706, that in an action of forcible

entry and detainer the damages in addition to the possession of the land might be recovered. but these holdings were made under a different law to the law as it now exists in this state, and existed at the time of the trial of the instant case.

Section 5264, Statutes of the Territory of Oklahoma 1890. the law in force at the time said decisions were made, specifically provided for the recovery of rent and damages in actions of forcible entry and detainer, said section providing that "such complaint in a separate paragraph may set forth the amount, if any, due for rent and for damages to the premises, and pray for a judgment for the rent due and damages, as well as for restitution of the premises" but this provision of the law as to recovery of rent and damages. has not been carried into the Revised Laws 1910 of this state, and therefore the holding in said case of Chisholm v. Weise, supra, and Rice v. West, supra, are not in conflict with the views expressed in this opinion.

It is certainly clear that the district court, exercising appellate jurisdiction in this action, had no authority whatever to appoint a receiver in this case, and such appointment was void as likewise was his order approving the sale of the crop grown in 1913, by the sheriff as such receiver, and also the order of the court directing the proceeds of such sale to be paid to the plaintiff, and the court also committed reversible error in adjudging that the defendant pay the costs of the receivership.

We are of the opinion that this defendant was a trespasser upon the land in controversy, and therefore that the plaintiff had a cause of action against the defendant "for use and occupation," and might have properly instituted an original action in the district court to recover for such use and occupation, and upon proper averment as to the insolvency of the defendant could have had a receiver appointed for the crop grown upon the land in controversy, and at the same time maintain his separate action for possession of the land, but certainly, in the instant case, the appointment of the receiver, directing the proceeds of such sale to be paid to the plaintiff, and taxing the defendant with the costs of the receivership, were absolutely void, for want of jurisdiction.

The judgment in this case, so far as it relates to a recovery of possession of the land and cost of the original cause is concerned, is affirmed; but so far as the order appointing a receiver. approval of the sale of the said crop by such receiver, and the order to pay the proceeds arising from the

sale of the crop grown on the lands in question to the plaintiff, the cause is reversed, with instructions to the trial court to set aside the order appointing a receiver, and also the order approving the report of the receiver, and also the order of the court directing the payment of the money arising from the sale of the crop to the plaintiff, and also the order taxing the defendant with the costs of the receivership.

The judgment as modified is affirmed.

By the Court: It is so ordered.