## NICHOLS v. RENNIE.

No. 13642—Opinion Filed Feb. 9, 1926.

Rehearing Denied. April 6, 1926.

### Forcible Entry and Detainer—Gist of Action.

In an action for the forcible detention of real property the only recovery that can be had by the complainant is for possession and costs.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by Melville A. Rennie against R. J. Nichols. Judgment for plaintiff, and defendant appeals. Affirmed in part and reversed in part.

Bowling & Farmer, for plaintiff in error.

Albert Rennie, for defendant in error.

Opinion by RAY, C. On appeal by the defendant to the district court from a judgment of a justice of the peace in a forcible detainer action, jury being waived, judgment was for the plaintiff and against the defendant for possession and for $400, being double the rental value of the property from the date of the execution of the appeal bond to the time of trial. So far as the judgment for possession is concerned no question is raised. The contention of the defendant is that the court was without power and jurisdiction in an action of forcible detainer to enter any judgment other than for possession and costs. This contention must be sustained.

In the case of Hart v. Ferguson. 73 Okla. 293, 176 Pac. 396, after a review of the authorities generally, it was held that in an action for the forcible entry and detention. or detention only, of real property, the only recovery that can be had by the complainant

is for possession of the lands in controversy and costs. In McDonald v. Stiles, 7 Okla. 327, 54 Pac. 487, in the body of the opinion. Chief Justice Burford, speaking for the court, said:

"We are satisfied that it was never the intention of the Legislature, that any question other than that of the right to possession should be tried in this class of cases."

It is contended for the plaintiff that under the holding of this court in the case of American Surety Co. v. Williams, 70 Okla. 222, 173 Pac. 1132, the judgment for double rental value is authorized by section 1021, C. S. 1921. That section provides that when judgment is against the appellant on appeal from the justice court, the appellee, or other person interested, may, upon ten days' notice to the surety on the appeal bond, have judgment against the surety for the amount of the judgment and costs. In American Surety Co. Case it was held:

"In an action on an appeal bond executed conformably to section 5475, Rev. Laws 1910 (sec. 1021, C. S. 1921), recovery of double the value of the use or occupation of the property detained, from the date of the bond, may be had without allegation or proof of the commission of waste."

In that case the suit was on the appeal bond given by the defendant in the forcible entry and detainer action. After judgment for plaintiff in the district court he commenced suit on the bond and recovered judgment against the surety. On appeal to this court the defendant contended that instead of suing on the bond plaintiff should have moved for judgment against the surety under section 1021, supra. Bleakmore, C., who wrote the opinion, without considering whether the remedy was open to the plaintiff, swept the contention aside by saying that the plaintiff was not limited to that remedy, but could maintain an action against the surety on the bond. It may be observed that section 1021 does not purport to authorize a judgment in the original action. That section only authorizes judgment against sureties on motion after final judgment rendered.

Section 1057, Comp. Stat. 1921, provides that in forcible entry and detainer cases the verdict is guilty or not guilty. If the defendant is found guilty judgment is entered for possession and costs, which is the only judgment that may be entered in the forcible detainer action. On appeal the case is tried de novo and the jurisdiction of the district court on appeal is not broader than that of the justice of the peace.

The judgment is affirmed as to possession and costs; otherwise reversed, with direction to vacate the judgment as to the $400, double the rental value.

By the Court: It is so ordered.

Note.—See under (1) 26 C. J. p. 868 § 149.