JESÚS MARÍA ROSSY, Plaintiff and Appellant, *v.* RAFAEL DEL VALLE ZENO, Defendant and Appellee.

No. 5547. Argued December 6, 1932.—Decided July 28, 1933.

*Jesús M. Rossy* for appellant.   *M. Acosta Velarde* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

In this case after the trial had begun a motion to strike certain clauses of the complaint was presented, not in writing, but orally.  The motion was granted, a short leave was given to plaintiff to amend, and when he did not do so judgment was rendered for the defendant.  The plaintiff appealed.

Before another judge of the District Court of San Juan a demurrer to the complaint was overruled.  When the motion to strike was presented the plaintiff himself maintained that the said motion was equivalent to the demurrer previously presented.  The court then relied on *Rivera* v. *Rivera,* 31 P.R.R. 428, to hold that a motion of the nature of the one before it could be presented at any time.  The appellant maintains that generally a motion to strike is not the equivalent of a pleading, as that term is used in the statute.

On considering a motion to dismiss the present appeal, we said:

"We have the idea that it would have been better if not altogether necessary, that a motion to strike should be presented in writing and filed during the trial and that the court should likewise write and file an order striking out particular paragraphs of the complaint. In a court of record the state of the pleadings should appear from the judgment roll itself and not from the stenographer's notes." (41 P.R.R. 702)

Supposing that discretionally the court, at the inception of the trial may hear it, in any event a motion to strike should be reduced to writing and become part of the record. The record should be made to show any contested motion. Some motions to strike, like those relating to scandalous matters, are not privileged and should not be entertained at the trial, similar to the criminal procedure to which we have referred in *People* v. *Paris,* 25 P.R.R. 103. Only in extraordinary cases should a plaintiff ready for trial be vexed with matters relating to the pleadings. As a rule, unless it is very clear a demurrer should not be entertained at the inception of a trial, but the objections deferred until the evidence is presented. Amendments may be made at the trial table or defects of the complaint cured, as outlined in *People* v. *Heirs of Valdés,* 31 P.R.R. 213 and the cases that follow it. If the defendants has a valid objection he can raise it regularly before trial.

The court allowed the plaintiff some hours to amend. Considering the fundamental nature of the motion to strike and the fact that a demurrer had been overruled, the court should have been more liberal.

The merits are comparatively simple. We are agreed that a party may not in general recover damages because he has been put to difficulties by litigation and has had to begin or defend a suit. *Leary* v. *Murray,* 21 Am. & Eng. Ann. Cas. 868 and note; *Muldoon* v. *Rickey,* 103 Pa. St. 110; *Kolka* v. *Jones,* 71 N. W. 558; 1 C. J. 967. We agree, however, with

the appellant that the damages claimed proceed from other causes. This was a case where the plaintiff was kept out of the possession of his premises by reason of the refusal of the defendant to surrender the same. The facts may be partially seen in *Rossy* v. *Del Valle*, 37 P.R.R. 336. The proceedings that followed were mere incidents of the failure to surrender possession.

Under these circumstances, as the jurisprudence shows (*Lewis* v. *Welch W. F. & F. Co.*, 39 A.L.R. 383; *U. S. Fidelity & Guaranty Co.* v. *Ballard*, 99 Pac. 1018; *Pyle*. v. *Western Union Tel. Co.*, 132 Pac. 990), a plaintiff may obtain possession by an unlawful detainer suit and subsequently file a suit for damages.

The clauses of the complaint stricken by the court, are as follows:

"(a) The complainant has been deprived of the legal possession of his property since the said 29th of December, 1925, when the ouster was decreed by this court. And from that date until the 11th of March, 1929, when the defendant Del Valle was definitely ousted from the property, the complainant has been prevented from selling monthly a quantity of not less than 2000 meters of stones, the sale of which had been agreed with other persons at the price of 30 cents a meter. Taking into consideration the quantity and price of this sale for 38 months, or from the 29th of December, 1925, until the 11th of March, 1929, a total of $22,800 arises which the complainant has failed to obtain as a consequence of the acts done by the defendant.

"(b) The defendant Del Valle from the 29th of December, 1925, in which the ouster was decreed by this court until the time that he was definitely ousted from the property, has possessed and occupied, and is occupying now, an important extension of the property with machinery, buildings, pumps to draw out water, using roads and installing electric light and other accessories, depriving the plaintiff in this way from the free use of his property and causing him damages amounting to not less than $100 a month for 43 months that have elapsed since the date of the judgment of ouster (29th of December, 1925) until the date of this complaint, making a total of $4,300.

"(c) The complainant also was under the necessity of incurring expenses for protecting and watching his property in order to defend it from the violent acts which the defendant continually realized, trying to enter the property after the order of ouster which this court issued and which was executed on the 10th of March, 1926, and under the pretext of the stay of proceedings issued by the Circuit Court of Appeals in Boston on March 11, 1925, in a proceeding of mandamus which the said defendant Del Valle instituted before the said Circuit Court against the decision of the Supreme Court of Puerto Rico of February 15, 1926, wherein the appeal which he had taken at the outset from the judgment ordering the ouster of which mention has been made was dismissed. These expenses amount to $6,000.

"(d) The complainant had had offers from different persons for the purchase and lease of said property but it has been impossible to carry out either transaction because the defendant even now has not left to the free disposition of the complainant, but to the contrary has occupied the property with his plant to crush and pulverize stones, with motors, buildings, etc., embracing in this way a great portion of the property notwithstanding the peremptory terms in which this court has designated for the total freeing of the property. The parcel which the defendant is still occupying with his plant is the only one on the property where another plant of the kind could be advantageously installed and as the defendant has not surrendered possession of this parcel of the property which he is utilizing, the complaint not only is prevented from performing with any other persons any kind of transaction, but he himself can not duly develop his quarry and obtain from it rents much greater than what he is getting from the sale to other persons of stones not crushed, whereby not the complainant but other persons could carry on the business. That the damages the complainant has suffered for these reasons amount to $3,000.''

There may be some doubt of the sufficiency of paragraph (c) in its entirety, but we have no definite opinion on the matter and it should be threshed out at the trial. We are not convinced that there may not be some elements of damage in said paragraph. Likewise, at the hearing we had some doubt whether the plaintiff could recover all he claimed as profits when the mineral on which he claimed part of his profits was still in the mine.

The appellee draws attention to some of the matters to which we have referred and also says that the recovery of the rents and the supersedeas bond should adequately cover the damages suffered by the plaintiff; in other words, that the recovery of rentals for the demised property is enough unless the plaintiff is able to show a loss by reduction in the market price, or something to that effect. We have reached no definite conclusion as to any of these matters, but as we have intimated before, the whole matter should be ventilated at a trial. We believe, however, that the fact that the defendant was at various moments entitled to the possession of the leased property while appeals and other proceedings were pending, is no obstacle for the plaintiff recovering damages if in the final analysis the defendant was not entitled to withhold possession.

In general we are convinced that it should be a clear case where averments for damages should be stricken. The defendant when the evidence of damages is presented may object to any of it as not remunerable, as remote or otherwise. A final judgment is expedited in this way.

The judgment should be reversed and the case sent back for further proceedings.