## SCHUMAN v. BROWN et al.

No. 27218.    May 25, 1937.

Fred W. Martin and Floyd Wheeler, for plaintiff in error.

R. J. Bollman and R. A. Hockensmith, for defendants in error.

PHELPS, J.    This is an action on an appeal bond and originated as follows: The plaintiff brought an action in a justice of the peace court against J. Brown to recover possession of real property under the Forcible Entry and Detainer Act (sec. 917, O. S. 1931).    Plaintiff prevailed in the justice court and the defendant appealed to the district court, where a trial de novo was had before a jury, resulting in a verdict for the plaintiff.    The district court rendered judgment on the verdict for the restitution of the real estate involved and for the cost of the action.    Conforming to the judgment the real estate was delivered to the plaintiff and the judgment of the court otherwise carried out except for the collection of the costs.

Thereafter plaintiff filed in the district court his motion for judgment on the appeal bond executed by the defendant in the

forcible entry and detainer action, praying summary judgment 'against the sureties on the bond for the sum of $1,000, double the alleged value of the use and occupancy of the real estate from the date of the undertaking until the delivery of the property. Notice was served upon the sureties as provided by law.

One of the sureties, C. E. Reynolds, entered his special appearance in which he challenged the jurisdiction of the district court to render summary judgment 'against him under the statute relied upon by plaintiff.

Plaintiff appeals from the order of the district court sustaining the objection of the surety to the jurisdiction of the court and dismissing plaintiff's motion for summary judgment against the sureties. For convenience plaintiff in error will be referred to as plaintiff and the defendant in error as surety. Plaintiff agrees that the various assignments of error may be grouped together and presented under one proposition, as follows:

"The district court of Okmulgee county, Oklahoma, erred in holding as a matter of law that the summary proceedings provided for the recovery of judgment on appeal bond in the district court did not apply to forcible entry and detainer cases and in dismissing said application for lack of jurisdiction."

The parties agree that the sole question to be determined in this action is the proper construction of section 1032, O. S. 1931, which reads:

"When final judgment shall be rendered against the appellant in any action appealed from the justice's court, the appellate court, on motion of the appellee, or any other person having an interest in such judgment, or a right to any part of the costs in such actions, 'after ten days' notice of such motion, to be served upon the sureties on the appeal bond of appellant by copy delivered to them, may enter up judgment in the name of the appellee or his legal representatives, 'against the said sureties for the amount of such judgment and the costs, which, by the terms thereof, the appellant may be required to pay. Execution may be issued on such judgment as in other cases for the use and benefit of the successful party or any person interested in such judgment, or in the costs of such action. In case the bondsmen appeal from the judgment entered upon such motion, execution thereon shall be stayed 60 days."

If this section applies to actions in forcible entry and detainer, then the judgment should be reversed; if not, the judgment should be affirmed. From the authorities presented it appears that the identical question involved has not heretofore been decided by this court. Both parties to the action refer approvingly to the case of American Surety Co. v. Williams, 70 Okla. 222, 173 P. 1132. The decision in that case is not controlling for the reason that in that case action against the sureties on the appeal bond was prosecuted in a separate action, and not in a summary proceeding in the forcible entry and detainer case. True, in that case the court said: "that in a proper case judgment should be rendered on such 'an appeal bond upon motion in the original action," quoting from Farmers Loan & Trust Co. v. Loyd, 41 Okla. 569, 139 P. 278. The term "proper case" may quite properly, and we think logically, refer to actions on appeal bonds in ordinary appeals from justice of the peace courts. In Hart v. Ferguson, 73 Okla. 293, 176 P. 396, it was held that in an action for the forcible entry and detention, or detention only, of real property the only recovery that can be had by the complainant must be for the possession of the land in controversy 'and costs. That on appeal from the justice of the peace court the authority of the appellate court is limited to that of the justice of peace. Nichols v. Rennie, 117 Okla. 155, 245 P. 593. The Nichols Case, supra, likewise supports the contention that section 1032 is not applicable in cases of forcible entry and detainer. In that opinion, the court said:

"It is contended for the plaintiff that under the holding of this court in the case of American Surety Co. v. Williams, 70 Okla. 222, 173 P. 1132, the judgment for double rental value is authorized by section 1021, C. S. 1921. That section provides that, when judgment is against the appellant on 'appeal from the justice court, the appellee, or other person interested, may, upon ten days' notice to the surety on the appeal bond, have judgment against the surety for the amount of the judgment and costs. In American Surety Co. Case it was held:

" 'In an action on an appeal bond executed conformably to section 5475, Rev. Laws 1910 (sec. 1021, C. S. 1921) recovery of double the value of the use or occupation of the property detained, from the date of the bond, may be had without allegation or proof of the commission of waste.'

"In that case the suit was on the appeal bond given by the defendant in the forcible entry and detainer action. After judgment for plaintiff in the district court, he commenced suit on the bond, and recovered judgment against the surety. On appeal to

this court the defendant contended that, instead of suing on the bond, plaintiff should have moved for judgment against the surety under section 1021, supra. Blakemore, C., who wrote the opinion, without considering whether the remedy was open to the plaintiff, swept the contention aside by saying that the plaintiff was not limited to that remedy, but could maintain an action against the surety on the bond. It may be observed that section 1021 does not purport to authorize a judgment in the original action. That section only authorizes judgment against sureties on motion after final judgment rendered.

"Section 1057, Comp. Stat. 1921, provides that in forcible entry and detainer cases the verdict is guilty or not guilty. If the defendant is found guilty, judgment is entered for possession and costs, which is the only judgment that may be entered in the forcible detainer action. On appeal the case is tried de novo, and the jurisdiction of the district court on appeal is not broader than that of the justice of the peace."

Therein we find that the jurisdiction of the district court, on appeal, is not broader than the jurisdiction of the justice of the peace, and its jurisdiction is limited to the restitution of the premises and costs of the suit. Section 926, O. S. 1931. A careful examination of section 1032, supra, leads to the conclusion that the authority of the appellate court to enter judgment in summary proceedings on the appeal bond is limited to ordinary appeals from the justice of the peace court and is inapplicable in appeals in forcible entry and detainer cases.

"The action of forcible entry and detainer being a special statutory proceeding, summary in its nature and in derogation of the common law, it is a rule of universal application in such actions that the statute conferring jurisdiction must be strictly pursued in the method of procedure prescribed by it, or the jurisdiction will fail to attach, and the proceedings be coram non judice and void. Even if the action is tried in a court of record, the latter does not proceed therein by virtue of its power as a court of general jurisdiction, but derives its authority wholly from the statute, and in such proceeding is, therefore, to be treated as a court of special and limited jurisdiction." 11 R. C. L. 1167.

We have carefully examined the case of Martin v. Gibson & Son. 170 Okla. 173, 39 P. (2d) 4, and other authorities relied upon by the plaintiff, and find that the facts in those cases are distinguishable from the facts in the case at bar; the cited cases involving only ordinary appeals from the justice of the peace courts from judgments for money.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY and HURST, JJ., concur.