**Mike SCHUMINSKY, an Individual, Petitioner,**

v.

**Jesse R. FIELD, Special District Judge, Respondent.**

No. 54476.

Supreme Court of Oklahoma.

Feb. 12, 1980.

Fagin, Hewett, Mathews & Fagin, William C. Bowlby, Oklahoma City, for petitioner.

Nancy McCall, Norman, for respondent.

WILLIAMS, Justice.

For our determination in this original proceeding, there arises the question of whether the defendants in a forcible entry and detention (or detainer) action may assert counterclaims seeking a money judgment based on claims for damages to their property and income allegedly due to the failure of their landlord to keep the property in a good state of repair and his allegedly permitting a competitive business to be set up contrary to the parties' written agreement. We hold that under our statute they may not.

Petitioner in this original proceeding, a successor in interest to the original lessor, seeks a writ to prohibit respondent judge from requiring petitioner to go to trial before a jury in a case pending in the District Court of Pottawatomie County. He owns a business building there which had been leased to Mr. and Mrs. Kenneth McCall and in which they have operated a retail drug store more than ten years. Allegedly, the tenants have violated their contractual obligations to pay excess rentals due under

terms of their lease based upon volume of business transacted, to keep the premises free from debris and to refrain from subleasing any portion of the premises and Mr. Schuminsky filed a forcible entry and detainer action to oust them from possession of the involved premises and for $3,818.00 accumulated excess rentals allegedly due him. Our statute authorizing suits in forcible entry and/or detention and for collection of rent, in pertinent part, 12 O.S. 1979 Supp. § 1148.1, is as follows:

The district court shall have jurisdiction to try all actions for the forcible entry and detention, or detention only, of real property, and claims for the collection of rent or damages to the premises, . . . may be included in the same action, but other claims may not be included in the same action. A judgment in an action brought under this act shall be conclusive as to any issues adjudicated therein, but it shall not be a bar to any other action brought by either party.

Pursuant to section 1148.14 of the same title, where the total amount claimed for rent and damages, exclusive of attorneys fees and costs "does not exceed the jurisdictional amount for the small claims court, [the case] shall be placed on the small claims docket of the district court." [1]

By provision of the respective subsections of section 1148.6 of the same title, the defendant in forcible entry and detainer case may wait until the time of trial to answer (sub-section C); and in the event "the cause of action is based on an asserted breach of a lease by the defendant, or the termination or expiration of a lease under which the defendant claims an interest in the property in a verified answer or affidavit, the plaintiff may proceed with the forcible entry and detainer action instead of an ejectment action" (subsection B).[2]

Either party to a forcible entry and detention case, upon demand, is entitled to a jury trial (12 O.S. 1971 § 1148.8) and the trial court may allow a reasonable attorney fee to the prevailing party (12 O.S. 1971 § 1148.9).

After Mr. Schuminsky sued in the trial court, defendants promptly filed a duly verified answer, specifically denying each of the plaintiff's allegations that they owed any rentals, that they had violated any of the indicated terms of their written lease and asserting that they were entitled to retain possession and control of subject premises and praying for judgment in their favor against plaintiff for damages for $3,818.00, costs and a $1,000.00 attorney fee.

Defendants also simultaneously filed four separate verified counterclaims, one for $100.00 actual damages (loss of sales) allegedly incurred as a result of plaintiff having told people on various occasions he intended to find ways to break the McCalls' lease and for $5000.00 punitive damages and a $1000.00 attorney fee; a second counterclaim for damages in the amount of $4,860.00 and a $1000.00 attorney fee for failure of Mr. Schuminsky to comply with their requests that he cause repairs to be made to the ceiling of the building in question, resulting in destruction of their property and increasing their monthly utility bills in the amount of $135.00 during the years 1978 through 1979; a third counterclaim in the amount of $3,060.00, plus costs and a $1000.00 attorney fee for the loss of average monthly sales of $85.00 for 1977 through 1979 said to have been caused by Mr. Schuminsky's alleged violation of specific provision of the lease contract in that he permitted a drive-in photo finishing business to be established in the shopping center parking area without the McCalls' writ-

1. By provision of 20 O.S. 1979 Supp. § 123, subd. A. (1)(a), special judges who are lawyers may hear contested "[a]ctions for the recovery of money where the amount claimed does not exceed" "$5000.00" "and counterclaim or set-off does not exceed" $5000.00.

2. Not applicable here is subdivision A which provides that if defendant asserts title to the land or asserts the boundaries of the land are in dispute, he may state his defense in an affidavit or verified answer and if an affidavit, he must file an answer within ten days thereafter. In that event the case must be tried in the proper division of the district court as an ejectment action.

ten consent; and a final such counterclaim in the amount of $920.00, plus costs and a $1000.00 attorney fee because of alleged failure of Mr. Schuminsky to maintain the parking area in a "state of good repair" causing the McCalls to lose revenue of $230.00 per month during the icy weather in December and January in 1977–78 and 1978–79.

Defendants in the district court case, the McCalls, filed a motion to dismiss Mr. Schuminsky's action there as being one involving "equitable title" for want of jurisdiction in a forcible entry and detention case. They also filed a demand for a jury trial.

Mr. Schuminsky filed in the district court action, a motion to dismiss on the ground the statute, 12 O.S. 1979 Supp. § 1148.1 provides as respects non-residential property, claims other than for rent and damages to premises "may not be included in the same action." The trial court denied the McCalls' motion to dismiss Mr. Schuminsky's forcible entry and detention action and in time sustained plaintiff's motion to dismiss the McCalls' first cross-petition but overruled same as to the others of them. The special judge also overruled Mr. Schuminsky's motion objecting to his trying the case and set the case down for trial before himself with a jury.

As has been stated, petitioner brought this original proceeding seeking a writ of prohibition and a stay of jury trial on the McCalls' three remaining counterclaims. We have already assumed original jurisdiction and granted a temporary stay.

Petitioner's first contention is that the trial court has no jurisdiction to hear counterclaims not specified by statute. He urges that the act under consideration permits "an abbreviated proceeding expressly for determining the right to possession of real property and to which actions for rent and damage to the premises [only] might be joined without prejudice." He argues the McCalls' counterclaims based upon his alleged breaches of the lease agreement are not triable in the plaintiff's forcible entry and detention case. We agree.

The McCalls, responding in behalf of respondent trial judge, argue that a defendant in a forcible entry and detainer case may question plaintiffs' right to unilaterally terminate their lease agreement and the issue must be determined by traditional principles of real property and contract law, citing *Kerr-McGee Corp. v. Cutter*, 564 P.2d 215 (Okl.1977), and that a person may not be deprived of property without due process of law, Art. II, Sec. 7, Okla.Const., and further say that 12 O.S.1971 § 699 grants defendant a right to a judgment for any amount by which his counterclaim exceeds plaintiff's claim.

A short and sufficient answer to that response is that section 1148.6, subdivision B, supra, simply specifies that where the plaintiff, lessor asserts the defendant's, lessee's rights under a lease have terminated or expired, and defendant claims a (continuing) interest, "plaintiff may proceed with the forcible entry and detainer action instead of [in] an ejectment action." That being true, the next inquiry is whether the McCalls may pursue their monetary counterclaims in the pending forcible entry and detainer case. We hold they may not.

Section 1148.1, supra, states "other claims may not be included in the same action." It appears that even though the Legislature did not specifically state defendant could not present their claims in such an action, we do not presume it intended an unconstitutional discrimination against the plaintiff in such an action by denying him equal protection of the law. See *Elias v. City of Tulsa*, 408 P.2d 517, 521 (Okl.1965).

Further demonstration that our Legislature apparently was of a mind to restrain both the scope of inquiry and financial limit upon the authority of special judges in forcible entry and detainer cases, appears from a consideration of 20 O.S. 1979 Supp. § 123, subd. A(2) which provides as follows, to-wit:

A. Special judges may hear the following actions: . . .

(2) Actions for forcible entry and detainer in which the plaintiff asserts breach of a lease by defendant or termination or expiration of a lease and de-

fendant asserts an interest in the land based on such lease. Any other actions in forcible entry and detainer in which the defendant does not assert title to the land or a boundary dispute.[3]

We find no Oklahoma cases interpreting the language of our present statute herein involved. However, in 36A C.J.S. Forcible Entry and Detainer, § 28, at p. 992, Set-off, Counterclaim or Recoupment, it is stated that, in the absence of statutory authority, generally no set-off, counterclaim, cross-complaint or cross-demand in the nature of a recoupment can be interposed in forcible entry and detainer proceedings.

In an early decision of this Court, *Hart v. Ferguson*, 73 Okl. 293, 176 P. 396, 397 (1918), it was recited that earlier in Oklahoma Territory pursuant to a statute then and there in effect the plaintiff could recover damages in a forcible entry and detainer case. In *Hart*, however, this Court said that pursuant to Revised Laws of 1910, in such an action, possession of the lands and costs *only* could be recovered.

This Court in the 1937 case of *Schuman v. Brown*, 180 Okl. 130, 68 P.2d 779, 781, dealing with the forcible entry and detainer statute then in effect, said the action was in derogation of the common law and quoting from 11 R.C.L. 1667 added:

"[I]t is a rule of universal application in such actions that the statute conferring jurisdiction must be strictly pursued in the method of procedure prescribed by it . . . . Even if the action is tried in a court of record, the latter does not proceed therein by virtue of its power as a court of general jurisdiction, but derives its authority wholly from the statute, and in such proceeding is, therefore, to be treated as a court of special and limited jurisdiction."

In the 1965 case of *Parkening v. Mullen*, 396 P.2d 487, 489, (Okl.), concerning our statute then in effect, since replaced by the statutes discussed herein, this Court said:

An action of lawful entry and wrongful detainer by a landlord against a tenant is purely a possessory action involving the right to possession of the premises. The issues are the relationship of landlord and tenant, termination of the tenancy and unlawful withholding by the tenant thereafter. . . .

In the trial of such action the tenant is entitled to introduce any evidence that controverts any fact which the plaintiff is bound to prove in order to recover. . . The tenant may show a right of possession in him and that the landlord is not entitled to immediate possession by the tenant proving a rental contract that has not expired or terminated.

\* \* \* \* \* \*

The Legislature recognized the character and limitation of the issues that could be determined in such action and provided the judgments therein should not be a bar to "any other action brought by either party."

Deemed appropriate to our present discussion is a quotation from the Court of Appeals of California in the case of *D'Amico v. Riedel*, 95 Cal.App.2d 6, 212 P.2d 52, 53 (1950). There that Court had before it an appeal from a judgment for plaintiff in a forcible entry and detainer case in which that Appeals Court determined that the trial court had properly refused defendants an opportunity to raise the issues of fraud, rescission and invalidity of the parties' lease contract. There the Appeals Court said:

It is the general rule that neither a counterclaim nor cross-complaint is permissible in an action in unlawful detainer. The reason for the rule is that since the action is a summary proceeding designed especially for the purpose of a speedy means of recovering possession of real property, tenants withholding the premises in violation of the covenants of their

---

**3.** Sub-division (8) of subsection A of § 123, supra, provides that special judges may try "[o]ther actions and proceedings, regardless of court rules, where the parties agree in writing, at any time before trial, to the action being heard by a special judge." No contention is here advanced that an agreement in writing as contemplated by the provision has been entered into by the parties to the lease agreement.

lease cannot through means of a cross-complaint or counterclaim frustrate the extraordinary remedy provided by the statute.

We deem our decision to be buttressed by the further language employed by the Legislature as it concluded § 1148.1, supra, wherein it is provided that, "A judgment in an action brought under this act shall be conclusive as to any issues adjudicated herein, but it shall not be a bar to *any other* action brought by either party" (Emphasis added).

We determine Mr. Schuminsky may proceed with his action in the trial court with the understanding the McCalls may, of course, defend the action as herein suggested. Any pursuit of their other claimed rights sought to be asserted in their counterclaims must be by separate action. That being true, petitioner's claim that respondent special judge is limited to granting money judgments up to $5000.00 plus costs and attorney fees requires no further consideration.

No question concerning retaliatory eviction actions has been raised in this proceeding. 24 Okla.Law Rev. 386; *Schweiger v. Bonds*, 3 Cal.3d 507, 90 Cal.Rptr. 729, 476 P.2d 97; *S. P. Growers Ass'n v. Rodriguez*, 17 Cal.3d 719, 131 Cal.Rptr. 761, 552 P.2d 721. We express no opinion as to that question.

Writ of prohibition granted.

All Justices concur.